**PRAIRIE VIEW A & M UNIVERSITY OF TEXAS, Appellant,**

v.

**Michael MITCHELL and Yvette Mitchell, Appellees.**

No. 01–99–00834–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 2000.

Nichelle A. Turner, Austin, for Appellant.

Michael & Yvette Mitchell, Houston, pro se.

Zerrie L. Hines, Houston, for Appellee.

Panel consists of Justices MIRABAL, ANDELL, and DUGGAN.*

## OPINION

MARGARET GARNER MIRABAL, Justice.

Prairie View A & M University brings this interlocutory appeal from the trial court's order denying its plea to the jurisdiction based on sovereign immunity.[1] We reverse.

### Case Overview

Michael Mitchell and his wife, Yvette Mitchell, sued Prairie View A & M University, asserting negligence claims arising from the university's alleged misrepresentations that Michael had not graduated from the university.[2]

In their first amended petition, the Mitchells' live pleading at the relevant time, the Mitchells alleged that Michael graduated from the university on May 3, 1981 with a Bachelor of Science Degree in Civil Engineering, having completed a total of 167 credit hours. The Mitchells unequivocally state that Michael attended the university, completed the curriculum, and earned the degree. After graduating, Michael was employed as a civil engineer by Chevron from 1981 to 1990 and by Stubbs and Overtech from 1991 to 1993. Michael accepted an employment offer from Bechtel Corporation in June 1993 as a Senior Engineer working in California.

In August, 1993, Bechtel Corporation contacted the university to confirm Michael's qualifications. The university told Bechtel Corporation that Michael did not complete his course work and did not ob-

tain a degree.[3] The petition alleges that Bechtel Corporation required Michael to take a leave of absence without pay, "on grounds that Bechtel Corporation could not (after numerous efforts) obtain confirmation from A & M that Mr. Mitchell did in fact graduate with a Bachelor of Science in Civil Engineering Degree in May of 1981." When the Mitchells, after numerous efforts, were unable to resolve the matter, they filed suit against the university.

As a basis for the university's liability, the Mitchells alleged:

4.2 The State Government is liable to the Plaintiffs for the property damages and personal injuries sustained by the Plaintiffs due to the negligence of the Registrar as [provided] by the Texas Tort Claims Act, Subchapter B. "TORT LIABILITY OF GOVERNMENTAL UNITS" found in the Texas Civil Practices and Remedies Code, Title 5, § 101.021 entitled Governmental Liability.

4.3 Plaintiff alleges that employees who work[ed] in the Registrar's Office during the period 1980–1981 were negligent in their operation of computers and/or typewriters and other tangible record keeping devices which proximately caused incorrect, or inaccurate information to be placed in records to be stored on hard copy, which was then incorrectly reported to Bechtel Corporation in 1993....

. . . .

4.5 The Registrar's negligent omission to implement adequate policies and

---

\* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. We have jurisdiction pursuant to section 51.014(a)(8) of the Civil Practice and Remedies Code, which allows a governmental unit to appeal an order denying its plea to the jurisdiction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2000).

2. The Mitchells also sued Robert F. Ford, as registrar and individually; Ford is not involved in this appeal.

3. At one time, the university reported that Michael did not complete three courses; later the university reported he lacked only one course.

procedures, designed to protect the accuracy of transcripts created a wrongful or unsafe condition which proximately caused Plaintiff to suffer the loss of his engineering position with Bechtel Corporation and destroyed his ability to acquire employment as an engineer. The loss of his engineering career caused an extreme degree of mental anguish in the everyday lives of Plaintiffs which could have been prevented "but for" the omission of the Registrar to implement adequate policies and procedures for the creation, handling, storage and transmittal of Student records and transcripts, thus eliminating a dangerous condition which caused Michael Mitchell's injury.

4.6 The foregoing [m]aterial fact issues alleging unsafe conditions are sufficient to trigger the waiver of sovereign immunity under the Texas Tort Claims Act.

4.7 Likewise, the negligent use of tangible property such as typewriters and/or computers by employees of the Registrar's Office created a nexus between [Michael's] personal injury and the negligent use of such property, thereby creating a waiver of sovereign immunity under [section] 101.021 of the Texas Tort Claims Act.

4.8 Plaintiffs allege that the Registrar negligently supervised the employees of his office in the proficient use of typewriters and/or computers resulting in a misuse of such tangible personal property causing [Michael's] transcript to incorrectly state that he had not completed his Senior Project, thereby subjecting the Defendants to liability under the Texas Tort Claims Act.

. . . .

4.10. . . . Since the Plaintiffs' damages arise from the negligent use of the hardware, academic record maintenance systems, and/or other tangible personal property which was negligently used and/or operated, the Texas Tort Claims Act § 101.021 creates a cause of action. . . .

4.11 The Plaintiffs will show that the negligent use or misuse of the Government's tangible personal property proximately caused the damages sustained by the plaintiffs as enumerated in this Petition.

. . . .

6.6 As of this date, Defendant A & M and its Registrar are still maintaining that Mr. Mitchell never graduated from Prairie View A & M irrespective of the fact he was given a newly printed Bachelor of Science Degree in Civil Engineering and has furnished Defendant A & M with a true and correct copy of the original transcript which the Registrar's office sent to Chevron in 1981 reflecting his civil engineering degree with all required courses listed.

The university filed a plea to the jurisdiction asserting sovereign immunity as a bar to the suit. The university argued that the Mitchells' claims, which were based on alleged negligence in the operation of computers, typewriters, and other tangible record-keeping devices, did not constitute claims coming within the waiver of immunity provisions of the Texas Tort Claims Act. After a hearing, the trial court denied the plea to the jurisdiction.

In a single issue, the university asserts the trial court erred because the Mitchells have not stated a claim under the Texas Tort Claims Act for an injury caused by the use or condition of tangible personal property.

**Sovereign Immunity**

It is uncontroverted that the university is a governmental unit that is im-

mune from tort liability except when that immunity has been waived by the legislature. The issue in this case is whether the Mitchells have alleged a cause of action that falls within the immunity waiver provisions of section 101.021(2) of the Texas Tort Claims Act, which reads:

A governmental unit in the state is liable for:

. . . .

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997).

■■■■ Our task is to examine the pleadings, to take as true the facts pleaded, and to determine whether those facts support jurisdiction in the trial court. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752–53 (Tex.App.—Austin 1998, no pet.). We construe the pleadings in favor of the plaintiff. *Id.* If necessary, we may review the entire record to determine if there is jurisdiction. *Id.* It is not proper to dismiss an action when a legitimate pleading amendment will demonstrate the court's jurisdiction. *Id.*

### Discussion

The Mitchells claim their injuries arose from the use or misuse of computers, typewriters, and other tangible record-keeping devices. Specifically, they allege negligent input and storage of information in the machines and the existence of a defective condition of the machines caused by inadequate policies and procedures making them unsafe for the creation, handling, storage, and transmittal of student records and transcripts. The Mitchells also argue on appeal that the university wrongfully withheld Michael's diploma, resulting in a misuse of the diploma as tangible personal property.

This Court has specifically addressed the issue of "whether use of a computer or information contained in a computer printout constitutes use of tangible personal property under the Texas Tort Claims Act." *See Sawyer v. Texas Dep't of Criminal Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). In *Sawyer*, a prison inmate received a computer printout showing December 2024 as his parole review date. That printout contradicted earlier printouts indicating the inmate's parole reviews date would be 26 years earlier, in September 1998. In fact, the Texas Department of Criminal Justice (TDCJ) had made a mistake, and it later corrected the error with a letter indicating September 1998 was the correct parole review date. The inmate sued, claiming the miscommunication caused him emotional distress. *Id.*

The inmate in *Sawyer*, as the Mitchells in the present case, alleged the governmental unit used tangible personal property under the Texas Tort Claims Act because it used a computer to create the erroneous printout. *Sawyer*, 983 S.W.2d at 312. Alternatively, the inmate argued the computer printout was itself tangible personal property. *Id.* Similarly, the Mitchells maintain the printed transcript and diploma constitute tangible personal property. We rejected the inmate's positions in *Sawyer*, reasoning as follows:

Here, . . . equipment used to communicate information was not the source of the alleged injuries. Rather, the alleged injury arose from the information conveyed.

. . . . Tangible personal property refers to something that is corporeal, concrete, and has a palpable existence. [*University of Tex. Med. Branch v. York*, 871 S.W.2d 175, 178 (Tex.1994)]. As *York* clarified, use, misuse, or nonuse of medical information does not constitute use, misuse, or nonuse of tangible personal property under section

 

101.021(2). *York*, 871 S.W.2d at 178–79. Information is not tangible because it lacks corporeal, concrete, and palpable qualities. *Id.* at 179. Although the paper on which the information is printed is tangible, in that it can be seen and touched, the information itself has no such properties. *Id.* Therefore, a governmental unit does not waive its sovereign immunity by using or misusing information. [Citations omitted.]

.... Information or misinformation remains *information*, whether it is transmitted by electronic equipment or by word of mouth. The medium used to communicate information does not alter its intangible nature....

We hold that the TDCJ did not waive the sovereign immunity afforded by the Texas Tort Claims Act through the erroneous use of information contained in the computer or the computer printout.

*Sawyer*, 983 S.W.2d at 312 (emphasis in original).

■ *Sawyer* controls the disposition of the present case. Here, the Mitchells alleged injury arose from the information conveyed (that Michael did not have a Bachelor of Science Degree in Civil Engineering). This misinformation (not the computers) was the source of the Mitchells' injury. Although the misinformation was printed on paper (the transcript), and correct information was misused or nonused because it was not printed on paper (a diploma), the information itself is not "tangible personal property." *See University of Tex. Med. Branch v. York*, 871 S.W.2d 175, 178–79 (Tex.1994); *Sawyer*, 983 S.W.2d at 312. Use, misuse, or nonuse of information does not constitute use, misuse, or nonuse of tangible personal property under section 101.021(2). *Id.* Therefore, a governmental unit does not waive its sovereign immunity by using or misusing information. *Id.*

4. Not having been appealed, the lawsuit remains intact as to Robert F. Ford, as registrar

Because the Mitchells' pleadings do not assert facts supporting a claim for injury caused by a condition or use of tangible personal property under section 101.021(2), the trial court erred when it denied the university's plea to the jurisdiction. Accordingly, we sustain the university's sole issue.

All pending motions are denied.

We reverse the trial court's order denying the plea to the jurisdiction, and we render judgment dismissing the claims against appellant Prairie View A & M University of Texas without prejudice for lack of subject-matter jurisdiction.[4]