TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00594-CV






Texas Department of Transportation, Appellant



v.



Cecilia M. Ramirez, Individually, as Next Friend of Cynthia Cecilia Ramirez and Melinda

Amanda Ramirez, Minors; and as Heir of the Estate of Ruben Armando Ramirez, Sr.,

Deceased; Ruben Armando Ramirez, Jr., Individually and as Heir of the Estate of

Ruben Armando Ramirez, Sr., Deceased; and Rene Ramirez, Individually and

as Heir of the Estate of Ruben Armando Ramirez, Sr., Deceased, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 99-06140, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING






 After a fatal automobile collision on Interstate Highway 35, family members of
Ruben Ramirez, Sr. ("appellees") brought a negligence action against the Texas Department of
Transportation ("the Department"), asserting a premises defect claim under the Texas Tort Claims
Act ("the Act"). (1) The Department brings this interlocutory appeal from a district court order
denying its plea to the jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West
Supp. 2001). In three issues, the Department argues that its sovereign immunity under the Act
was not waived because (i) appellees did not sufficiently state a defective condition of the
highway; (ii) the Department cannot be held liable for failing to install safety features; and (iii)
appellees did not allege an act after January 1, 1970 that caused the collision. We affirm the
district court's judgment.


Background

 On the morning of February 14, 1998, Ruben Ramirez, Sr. was traveling
southbound in the far west lane of Interstate Highway 35. Just north of the Slaughter Lane
overpass in South Austin, at approximately 7:50 a.m., Ramirez's automobile was struck head-on
after Maria Vasquez lost control of her car. Prior to the accident, Vasquez had been traveling
northbound on the highway when she collided with a vehicle in an adjacent lane. Vasquez's car
crossed the grassy median separating the north and southbound lanes of the highway as well as
two lanes of oncoming southbound traffic before it collided with Ramirez's automobile. As a
result of the impact, Ramirez was pronounced dead at the scene of the collision approximately
thirty minutes later.

 On May 26, 1999, appellees brought this suit against the Department, asserting a
single cause of action for negligence under section 101.022(a) of the Act. Id. § 101.022(a) (West
1997). The Department filed its original answer on June 25, 1999. Subsequently, on June 28,
2000, the Department filed a motion to dismiss for lack of jurisdiction and a motion for summary
judgment. After a hearing, the district court denied both motions. The Department appeals the
district court's judgment denying its motion to dismiss for lack of jurisdiction.

Standard of Review

 A plea to the jurisdiction contests the district court's authority to determine the
subject matter of the cause of action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000); City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 752 (Tex. App.-Austin 1998, no
pet.).  Thus, a plea to the jurisdiction is properly employed to present a bar to subject matter
jurisdiction. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999). As subject matter
jurisdiction presents a question of law, we review a district court's order denying a plea to the
jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

 We examine a plaintiff's good faith factual allegations to determine whether the
district court has jurisdiction. Brannon v. Pacific Employers Ins. Co., 224 S.W.2d 466, 469
(Tex. 1949); see Bland Indep. Sch. Dist., 34 S.W.3d at 554. In reviewing a plea to the
jurisdiction, we may look beyond the pleadings and are required to do so when necessary to
resolve the jurisdictional issues raised. Bland Indep. Sch. Dist., 34 S.W.3d at 555. The nature
of the issues raised in the plea determines the scope of the court's focus beyond the pleadings. 
Id.

 The plaintiff bears the burden of pleading facts that show the district court has
subject matter jurisdiction. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993). Unless the defendant pleads and proves that the plaintiff's allegations were
fraudulently made to confer jurisdiction, they are accepted as true. Continental Coffee Prods. Co.
v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996). Absent the face of the petition affirmatively
demonstrating a lack of jurisdiction, the district court must liberally construe the allegations in
the petition in favor of the plaintiff and in favor of jurisdiction. Texas Ass'n of Bus., 852 S.W.2d
at 446; Peek v. Equipment Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989).

 In this case, the Department asserts governmental immunity from suit in its plea
to the jurisdiction, arguing in part that the petition does not state a claim under the Act. Because
this argument, if correct, has jurisdictional consequences for claims brought under the Act, the
Department properly asserted its challenge to the sufficiency of the petition in a plea to the
jurisdiction. See Jones, 8 S.W.3d at 637 (reversing court of appeals for affirming the denial of
the Department's plea without first determining whether Jones's pleadings stated a claim under
the Texas Tort Claims Act); Brown v. City of Houston, 8 S.W.3d 331, 334 (Tex. App.-Waco
1999, pet. denied) (court did not err in sustaining plea to the jurisdiction because no viable cause
of action was alleged under section 101.021 of the Act). The question before us is whether
appellees' petition alleged facts that bring their action within the Act and thus confer jurisdiction
on the district court.


DISCUSSION


Sovereign Immunity and the Texas Torts Claim Act

 The doctrine of sovereign immunity protects the State (2) from lawsuits for damages
unless waived and consists of two basic principles of law--immunity from liability and immunity
from suit. Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997); Missouri Pac. R.R.
Co. v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970). While immunity from
liability does not affect a court's jurisdiction to hear a case, immunity from suit bars an action
against the State unless the State expressly consents to the suit. Federal Sign, 951 S.W.2d at 405;
Missouri Pac. R.R. Co., 453 S.W.2d at 813.

 "The courts of our state require clear and unambiguous legislative expression
before they will hold that sovereign immunity has been waived." Kerrville State Hosp. v.
Fernandez, 28 S.W.3d 1, 3 (Tex. 2000). The supreme court recently confirmed that courts of this
state should defer to the Texas Legislature's delineation of the boundaries of sovereign immunity. 
General Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 595 (Tex. 2001). In other
words, establishing when and to what extent sovereign immunity from suit should be waived is
solely within the realm of the Legislature. Id.; Federal Sign, 951 S.W.2d at 409.

 A party suing a governmental entity must establish the State's consent, which may
be alleged either by reference to a statute or to express legislative permission. Jones, 8 S.W.3d
at 637; Missouri Pac. R.R. Co., 453 S.W.2d at 814. Here, in order for their claim to survive,
appellees must demonstrate that they have stated a claim for which the Legislature has waived
governmental immunity from suit.

 In Texas, governmental entities are immune from tort liability unless the
Legislature has waived immunity. Dallas County Mental Health & Mental Retardation v.
Bossley, 968 S.W.2d 339, 341 (Tex. 1998). The Texas Tort Claims Act contains an express
waiver of the State's immunity from suit under certain circumstances. Tex. Civ. Prac. & Rem.
Code Ann. § 101.025 (West 1997) ("Sovereign immunity to suit is waived and abolished to the
extent of liability created by this chapter."). When immunity has been expressly waived by the
Legislature, the court must determine the scope of the waiver from the language of the statute. 
Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg, 766 S.W.2d 208, 211 (Tex. 1989).

 The Legislature did not intend the waiver of sovereign immunity in the Act to be
complete. Bossley, 968 S.W.2d at 341-42 (discussing the history of the passage of the Act); City
of LaPorte v. Barfield, 898 S.W.2d 288, 299 (Tex. 1995) ("[O]nly causes of action and remedies
authorized by the Texas Tort Claims Act are permitted."). But the supreme court has stated that
waiver under the Act should be liberally construed to effectuate its purposes. Robinson v. Central
Tex. MHMR Ctr., 780 S.W.2d 169, 170 (Tex. 1989). Any exercise of liberal construction of the
Act, however, must still abide by the supreme court's directive, "Arguments for applications of
the Act that would essentially result in its waiver becoming absolute must therefore be rejected
as contrary to the Act's fundamental purpose." Bossley, 968 S.W.2d at 342.

 The express waiver of the Act only permits a district court to exercise jurisdiction
when a plaintiff sufficiently pleads a claim for which liability has been established under the Act. 
Jones, 8 S.W.3d at 639; City of Midland v. Sullivan, 33 S.W.3d 1, 10 (Tex. App.-El Paso 2000,
pet. filed); Prairie View A&M Univ. v. Mitchell, 27 S.W.3d 323, 327 (Tex. App.-Houston [1st
Dist.] 2000, pet. denied). The Texas Supreme Court has outlined the following two-step analysis
to determine whether a governmental entity has waived sovereign immunity from suit under the
Act:


[I]f a claim is barred by immunity, but immunity is waived under sections
101.021-.022 of the Act, action is still prohibited if the claim falls within [an]
exception. If, however, a claim is not barred by immunity, neither the waiver of
immunity by the Act, nor the exceptions to that waiver, are relevant.



Delaney v. University of Houston, 835 S.W.2d 56, 58 (Tex. 1992). Jurisdiction then is conferred
upon a district court when a plaintiff alleges sufficient facts to state a claim under the Act and that
claim does not fall within one of the Act's exceptions. Id.

 Section 101.021 addresses the limited circumstances under which a governmental
entity will be liable for torts and includes "personal injury and death so caused by a condition or
use of tangible personal or real property if the governmental unit would, were it a private person,
be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(2) (West 1997); see also Texas Dep't of Transp. v. Able, 35 S.W.3d 608, 611 (Tex.
2000). The supreme court has held that section 101.021(2) includes governmental liability for
premises defects because it encompasses liability for conditions of real property and tangible
personal property. Able, 35 S.W.3d at 612; DeWitt v. Harris County, 904 S.W.2d 650, 653
(Tex. 1995). We must first determine whether appellees asserted a cause of action under a section
of the Act that created liability, thereby waiving the Department's immunity from suit.

 Relying solely upon section 101.022(a) of the Act, appellees pleaded the following
negligence cause of action in their petition:


[The Department], as a governmental entity, owed the same duty of care to Mr.
Ramirez that a private person would owe a licensee on private property. The
[Department] breached that duty by its failure to correct and/or warn Mr. Ramirez
of the presence of the defect of the roadway, which was known by the
[Department], but not by Mr. Ramirez. Such breach was a proximate cause of the
head-on collision in question, which resulted in Mr. Ramirez's untimely tragic
death and Plaintiffs' damages.



The original petition failed to mention either section 101.021(2) or 101.025, the provision
establishing the parameters of the Act's waiver of immunity from suit and the express waiver
itself.

 In this case, appellees expressly disclaim that their premises defect claim falls under
101.021(2) of the Act; rather, they argue that section 101.022(a) provides an independent waiver
of immunity. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a). Courts, however, have already
rejected this argument, recognizing that, rather than creating liability, section 101.022 of the Act
constitutes a limitation on the State's tort liability for premises defects by imposing a duty
equivalent to that of a private landowner to a licensee. State v. Tennison, 509 S.W.2d 560, 562
(Tex. 1974) (analyzing the Act prior to its codification); Robnett v. City of Big Spring, 26 S.W.3d
535, 537 (Tex. App.-Eastland 2000, no pet.); State Dep't of Hwys. & Pub. Transp. v. Gonzalez,
24 S.W.3d 533, 535 (Tex. App.-Corpus Christi 2000, no pet.); University of Tex. Med. Branch
v. Davidson, 882 S.W.2d 83, 85 (Tex. App.-Houston [14th Dist.] 1994, no writ); Hawley v. State
Dep't of Hwys. & Pub. Transp., 830 S.W.2d 278, 280-81 (Tex. App.-Amarillo 1992, no writ). 
Although not constituting an independent waiver of immunity, section 101.022 does serve as a
predicate for liability in a premises defect claim and therefore must be referenced. Able, 35
S.W.3d at 612; DeWitt, 904 S.W.2d at 653.

 Here, appellees' petition references section 101.022 of the Act, thereby properly
pleading the required predicate. Because the Act has waived immunity from suit for premises
defect claims and this petition attempts to assert such a claim, we may construe the Act liberally
and look beyond the fact that the petition does not expressly invoke section 101.021(2), the
provision creating liability for such claims. See Robinson, 780 S.W.2d at 170. This construction,
however, does not relieve appellees of their burden to state a premises defect claim.


The Requirements to State a Premises Defect Claim Under the Texas Tort Claims Act

 In its first issue, the Department argues that appellees did not plead sufficient facts
to allege a defective condition of the portion of the highway at issue. The supreme court has
established the following elements for a premises defect (3) claim:


(1) a condition of the premises created an unreasonable risk of harm to the
licensee;


(2) the owner actually knew of the condition;


(3) the licensee did not actually know of the condition;


(4) the owner failed to exercise ordinary care to protect the licensee from danger;
and


(5) the owner's failure was a proximate cause of injury to the licensee.



State Dep't of Hwys. & Pub. Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992) (citing
Tennison, 509 S.W.2d at 561).

 Unless a plaintiff alleges that a legal duty sufficient to impose liability under the
Act exists and has been violated, sovereign immunity is not waived. City of Denton v. Van Page,
701 S.W.2d 831, 834 (Tex. 1986). The Legislature has expressly stated that, with respect to
premises defect claims, governmental entities owe "only the duty that a private person owes to
a licensee on private property, unless the claimant pays for use of the premises." Tex. Civ. Prac.
& Rem. Code Ann. § 101.022(a). This duty requires that "a landowner not injure a licensee by
willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn
a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and
the licensee is not." Payne, 838 S.W.2d at 237.

 While the Act does not expressly define the term "condition," Texas courts have
described the term as "an intentional or an inadvertent state of being." Sparkman v. Maxwell, 519
S.W.2d 852, 858 (Tex. 1975); see also Gonzalez, 24 S.W.3d at 537 (providing the Oxford
English Dictionary definition of "condition" as "a particular mode or state of being of a thing"). 
The Act's language "condition or use" has also been interpreted as implying "that such property
was furnished, was in bad or defective condition or was wrongly used." Lowe v. Texas Tech
Univ., 540 S.W.2d 297, 302 (Tex. 1976) (Greenhill, C.J., concurring); see also Texas Dep't of
Transp. v. Henson, 843 S.W.2d 648, 650 (Tex. App.-Houston [14th Dist.] 1992, writ denied). 
The supreme court in Salcedo v. El Paso Hospital District stated that the phrase "some condition"
required "an allegation of defective or inadequate property when 'some condition' of property is
a contributing factor to the injury." 659 S.W.2d 30, 32 (Tex. 1983). (4)

 In paragraphs ten and eleven of the original petition, appellees alleged as follows:


 The condition of the highway at or near the location of the collision [that]
made the basis of this suit was dangerous. Prior to the death of Mr. Ramirez on
February 14, 1998, there had been numerous head-on collisions involving vehicles
crossing the narrow grass median and colliding with vehicles traveling in the
opposite direction.


 The stretch of Interstate 35 in question has been continuously controlled,
supervised, and maintained by . . . [the Department]. As of the date of this filing,
. . . [the Department] has taken no action to correct the defect of the roadway
and/or to warn the public using the roadway of the defect of the roadway.



This petition simply asserts that a dangerous condition existed on the stretch of highway in
question. While we must accept the facts alleged by a plaintiff as true absent a challenge from
a defendant, we are not bound to accept the legal and factual conclusions that the plaintiff draws
from the pleaded facts. Firemen's Ins. Co. v. Board of Regents of the Univ. of Tex. Sys., 909
S.W.2d 540, 542 (Tex. App.-Austin 1995, writ denied). When jurisdictional issues are raised,
as here, we are required to look beyond the petition to the extent necessary to determine whether
jurisdiction has been conferred. Bland Indep. Sch. Dist., 34 S.W.3d at 555.

 At oral argument, appellees contended that a premises defect was clearly identified
in their expert's report, which was considered at a hearing on the Department's motion to dismiss
and motion for summary judgment. In particular, appellees' counsel argued that the report,
authored by R.T. Abrahamson, an expert in forensic and human engineering and accident
reconstruction, identifies the alleged defect--the slope of the northbound lanes in relation to the
southbound lanes and the slope of the grassy median. In their supplemental brief, however,
appellees merely state, "It is a defective condition of IH-35 that allows a car traveling in the
opposite direction to cross a median," suggesting that the alleged defect may be the Department's
failure to install safety features. Attributing a liberal construction to the facts alleged in the
petition and examining, to a limited extent, the record beyond the petition, we conclude that
appellees have sufficiently alleged a defective condition. Issue one is overruled.

 Assuming without deciding that the facts in the petition also sufficiently allege the
remaining elements of a premises defect claim under the Act, we turn to the second step of
analysis to determine if the Department has waived sovereign immunity under the Act. See
Delaney, 835 S.W.2d at 58. This step requires us to examine whether the claim falls within one 

of the Act's exceptions. Id.


Exceptions to the Waiver of Sovereign Immunity Under the Act

 In its second and third issues, the Department maintains that sections 101.056 and
101.061, which carve out exceptions to the Act's waiver of sovereign immunity, apply to this
case, leaving the Department's sovereign immunity intact. Specifically, the Department argues
that it cannot be held liable for failing to install safety features and, further, that appellees did not
allege an act after January 1, 1970 that caused the collision. Appellees contend that we should
not consider these arguments because they were not raised in the district court. Because the
record reveals otherwise, we will proceed with our review of the Department's second issue. (5)

 Section 101.056 provides:


This chapter does not apply to a claim based on:


(1) the failure of a governmental unit to perform an act that the unit is not
required by law to perform; or


(2) a governmental unit's decision not to perform an act or its failure to make a
decision on the performance or nonperformance of an act if the law leaves the
performance or nonperformance of the act to the discretion of the
governmental unit.



Tex. Civ. Prac. & Rem. Code Ann. § 101.056 (West 1997). Thus, this section provides that
when a governmental entity's acts are discretionary, (6) the entity does not waive its sovereign
immunity. State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999); State v. Burris, 877 S.W.2d 298,
299 (Tex. 1994). The purpose of this exception is "to avoid judicial review that would question
the wisdom of a government's exercise of its discretion in making policy decisions" and to serve
the interests in "effective, unfettered performance of officials in making policy decisions and the
maintenance of the separation of powers between the executive, legislative and judicial branches
of government." State v. Terrell, 588 S.W.2d 784, 787 (Tex. 1979).

 In addition, the Department argues that appellees' premises defect claim is barred
by section 101.061, which reads, "This chapter does not apply to a claim based on an act or
omission that occurred before January 1, 1970." Tex. Civ. Prac. & Rem. Code Ann. § 101.061. 
In light of the procedural posture here, which prevents us from considering the merits, the
question before us is whether the Department has shown that appellees' petition, on its face,
alleges facts which fall within either of these exceptions, thereby affirmatively demonstrating a
lack of jurisdiction.

 To successfully challenge a district court's subject matter jurisdiction, a defendant,
like the Department, must prove either that (i) the plaintiff's pleadings, when taken as true,
affirmatively establish that the court does not have subject matter jurisdiction; or (ii) the plaintiff
has pleaded fraudulently or in bad faith to confer jurisdiction. See Curbo v. State, 998 S.W.2d
337, 342 (Tex. App.-Austin 1999, no pet.). We agree with the Department that appellees'
petition may be deficient in terms of specificity and consistency. But we cannot ignore that the
Department had at its disposal procedural methods to require appellees to plead its claim more
specifically and chose not to do so. See Godley Indep. Sch. Dist. v. Woods, 21 S.W.3d 656, 660-61 (Tex. App.-Waco 2000, pet. filed).

 A court should not grant a plea to the jurisdiction without first allowing a plaintiff
an opportunity to replead if the jurisdictional defect is susceptible to amendment to show the
court's jurisdiction. Bybee v. Firemen's Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960); see
also Texas Ass'n of Bus., 852 S.W.2d at 446; Peek, 779 S.W.2d at 805. When a jurisdictional
defect is curable, the true issue is one of sufficiency of pleading, not of jurisdiction. Bybee, 331
S.W.2d at 917. Because the Department did not seek to require appellees to replead their claim
more specifically, it is now also saddled with the lack of detail in the current pleading. From the
record before us, we cannot say the Department has established that appellees' claim falls within
the exceptions delineated in section 101.056 or 101.061 of the Act. Accordingly, appellant's
second issue is overruled.


CONCLUSION


 Having overruled its issues, we conclude that the Department has not satisfied its
burden to establish that appellees' petition affirmatively demonstrates a lack of jurisdiction. 
Accordingly, we affirm the district court's judgment denying the Department's plea to the
jurisdiction.



 
 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: April 5, 2001

Do Not Publish Released for publication May 2, 2002. Tex. R. App. P. 47.3(c).

1. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1997 & Supp. 2001).
2. As a state agency, the Department enjoys sovereign immunity. Tex. Civ. Prac. & Rem.
Code Ann. § 101.001(3) (West Supp. 2001); see also Texas Dept. of Transp. v. Able, 35 S.W.3d
608, 611 (Tex. 2000); Lowe v. Texas Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976).
3. Whether a condition is a premises or special defect presents a question of law. State Dep't
of Hwys. & Pub. Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992). A state highway has been
viewed as a premises. Sutton v. State Hwy. Dep't, 549 S.W.2d 59, 61 (Tex. Civ. App.-Waco
1977, writ ref'd n.r.e.). Appellees do not assert that their claim is based on a special defect.
4. The supreme court has expressly limited the Salcedo decision to its specific facts. Dallas
County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 342 (Tex. 1998).
5. The Department presented both arguments in its motion to dismiss.
6. Whether a governmental act is discretionary is a question of law. State v. San Miguel, 2
S.W.3d 249, 251 (Tex. 1999); State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999). Design of
a public work, such as a state highway, is generally a discretionary function that involves
numerous policy decisions, including what type of safety features to install. San Miguel, 2
S.W.3d at 251; Rodriguez, 985 S.W.2d at 85; see also Maxwell v. Texas Dep't of Transp., 880
S.W.2d 461, 463-64 (Tex. App.-Austin 1994, writ denied).