NUMBER
13-01-713-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                        CORPUS
CHRISTI-EDINBURG

 

HOMER LEE
BROWN,                                                               
 Appellant,

 

                                                   v.

 

 TEXAS BOARD OF CRIMINAL JUSTICE, ET AL.                        Appellee.

 

                        On
appeal from the 136th District Court   

                                of
Jefferson County, Texas.

 

 

                                      OPINION

 

          Before
Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Rogelio Valdez         








Appellant, Homer Lee Brown, a prisoner proceeding pro se
and in forma pauperis, filed suit against the Texas Board of Criminal
Justice, the Texas Board of Pardons and Paroles, and the Texas Department of
Criminal Justice.  Appellant alleged that
his rights were violated during his parole revocation hearing, and that suit
was proper under the Texas Tort Claims Act because of the appellees= use or misuse
of tangible personal property, specifically, the training book used by the
parole board hearing officers, his handcuffs, the cassette recorder used to
record his parole hearing, the keyboard used to type his revocation hearing
report, and the law books and keyboard used to create administrative
directives.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(2)
(Vernon 1997).  The injury that appellant
alleged resulted from this misuse is his incarceration.  Appellant thus sought the recovery of
monetary damages.

Appellees moved to dismiss appellant=s lawsuit on
both procedural and substantive grounds. 
The trial court, following a telephonic hearing, dismissed appellant=s suit with
prejudice.  

Appellant raises three issues on appeal: (1) whether the trial
court can order a summary judgment hearing, and then, without notice to the
plaintiff, consider the defendants= motion to
dismiss; (2) whether the use or misuse of tangible personal property applies in
this cause and whether the defendant state agencies have immunity when clearly
violating the law; and (3) whether and how these claims can be brought under 42
U.S.C. '1983 and the
Texas Tort Claims Act.

We affirm the decision of the trial court.

                                                   Applicable
Law








Chapter 14 of the Texas Civil Practice and Remedies Code
governs appellant=s suit as an
inmate proceeding in forma pauperis. 
See Tex. Civ. Prac. &
Rem. Code Ann. '' 14.001 - .014
(Vernon Supp. 2002); Hickman v. Adams, 35 S.W.2d 120, 123 (Tex. App.BHouston [14th
Dist.] 2000, no pet.).  We review the
trial court=s dismissal of
an in forma pauperis suit under an abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397, 398
(Tex. App.BWaco 1996, no
writ).  A trial court has broad
discretion to dismiss an inmate=s suit if the
court finds the claim is frivolous or malicious.  Martinez v. Thaler, 931 S.W.2d 45, 46
(Tex. App.BHouston [14th
Dist.] 1996, writ denied).  A trial court
abuses its discretion if it acts arbitrarily, capriciously, and without
reference to any guiding rules or principles. 
Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.BHouston [1st
Dist.] 1998, no pet.).  We will affirm a
dismissal if it was proper under any legal theory.  Murray v. Tex. Dept. of Crim. Justice,
2002 Tex. App. LEXIS 492, *5 (Tyler Jan. 23, 2002, no pet.) (per curiam)
(citing Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Birdo
v. Ament, 814 S.W.2d 808, 810 (Tex. AppBWaco 1991, writ denied)).  

Texas Civil Practice and Remedies Code section 14.003(b)
provides four factors a court may use in determining whether a lawsuit is
frivolous: (1) whether the claim=s realistic
chance of ultimate success is slight; (2) whether the claim has no arguable
basis in law or in fact; (3) whether it is clear that the party cannot prove
facts in support of the claim; and (4) whether the claim is substantially
similar to a previous claim filed by the inmate because the claim arises from
the same operative facts.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b)
(Vernon Supp. 2002).  

                                                          Notice








Appellant argues that the trial court erred in dismissing his
suit without notice.  The Texas Civil
Practice and Remedies Code provides that, in determining whether to dismiss a
claim as frivolous under section 14.003, the court may hold a hearing.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(c)
(Vernon Supp. 2002) (emphasis added). 
The hearing may be held before or after service of process, and it may
be held on motion of the court, a party, or the clerk of the court.  Id.

The plain language of the statute indicates that the court=s decision to
hold a hearing is discretionary.  See
Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.BFort Worth
1997, pet. denied).  It was, therefore,
not mandatory that the court give notice of a hearing or even conduct a hearing
to decide whether to dismiss appellant=s claim.

Appellant=s first issue
is overruled.  

                                              Arguable
Basis in Law








Appellant=s claims in the
underlying proceeding rely on the assumption that his parole revocation process
was illegitimate.  However, to recover
money damages for Aharms caused by
actions whose unlawfulness would render a conviction or sentence invalid,@ the United
States Supreme Court requires a state prisoner to show first that his
conviction or sentence was overturned on appeal, expunged by executive order or
state tribunal, or called in question by a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477,
477-78, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)(applicable to proceedings
under 42 U.S.C.A. ' 1983).  The Heck analysis applies to parole
proceedings as well.  Littles v. Bd.
of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).   

          In
the matter before this Court, appellant has not shown that his parole
revocation has been overturned, expunged, set aside, or questioned by the
issuance of a writ of habeas corpus. 
Therefore, his action has no arguable basis in law.  Heck, 512 U.S. at 477-78; Littles,
68 F.3d at 123.

Moreover, taking all the facts asserted by appellant as true,
appellant has no cause of action under the Texas Tort Claims Act.  A governmental unit is immune from tort
liability unless the legislature has waived immunity.  See Harris Cty. v. Dillard, 883 S.W.2d
166, 168 (Tex. 1994).  Exceptions to
sovereign immunity are generally dependent entirely upon statute.  See Dallas Cty. MHMR v. Bossley, 968
S.W.2d 339, 341 (Tex. 1998).  

Section 101.021(2) of the Texas Civil Practice & Remedies
Code provides a limited waiver of sovereign immunity: a governmental unit in
the state is liable for personal injury and death caused by a condition or use
of tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law. See Tex. Civ. Prac. & Rem. Code Ann. '101.021(2)
(Vernon 1997).  To state an actionable
complaint under the Texas Tort Claims Act, the personal injury or death must be
proximately caused by the condition or use of tangible property.  Bossley, 968 S.W.2d at 341-42. AProperty does
not cause injury if it does no more than furnish the condition that makes the
injury possible.@  Id.








The gravamen of appellant=s complaint is
that the appellees used or misused information, rather than tangible personal
property, resulting in appellant=s incarceration.  Appellees do not waive sovereign immunity
through the erroneous use of information. 
See, e.g., Prairie View A&M Univ. of Tex. v. Mitchell, 27
S.W.3d 323, 327 (Tex. App.BHouston [1st
Dist.] 2000, pet. denied).  Moreover, use
of the property at issue did not proximately cause appellant=s
incarceration.  Bossley, 968
S.W.2d at 341-42. 

We find appellant had no arguable bases in law for his suit,
and the trial court did not abuse its discretion in dismissing his suit with
prejudice.[1]  See Denson v. Tex. Dept. of Crim. Justice,
63 S.W.3d 454, 459-62 (Tex. App.BTyler 1999,
pet. denied).  Appellant=s second and
third issues are overruled. 

 

 

 

                                              Procedural
Requisites

Upon further reviewing the record, we also conclude that the
trial court=s ruling was
supported by appellant=s failure to
comply with the procedural requisites applicable to inmate litigation.








In determining whether a suit is frivolous or malicious, the
trial court may consider whether the claim is substantially similar to an
inmate=s previous
claim because the claim arises from the same operative facts as the previous
claim.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(b)(4)
(Vernon Supp. 2002); Hickman, 35 S.W.3d at 123.  To aid the trial court in making this
determination, an inmate who files an affidavit or unsworn declaration of
inability to pay costs must file a separate affidavit or declaration setting
out information regarding certain previous lawsuits.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004(a)
(Vernon Supp. 2002).  The inmate must
state in his affidavit the Aoperative facts@ for which
relief was sought, the identity of each party named in the suit, and the result
of the suit.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a)(2)(A)(C)(D)
(Vernon Supp. 2002).  When the inmate
fails to comply with the affidavit requirements of the code, the trial court is
entitled to assume the suit is substantially similar to one previously filed by
the inmate, and therefore, frivolous.  Bell
v. Tex. Dep=t of Criminal
JusticeBInst. Div., 962 S.W.2d
156, 158 (Tex. App.BHouston [14th
Dist.] 1998, pet. denied).  The trial
court is under no duty to suggest or recommend that appellant amend his
pleading or his affidavit.  Hickman,
35 S.W.3d at 125.








Appellants= original petition
included an Aaffidavit
relating to previous filings@ which listed
one lawsuit: Brown v. Tex. Bd. of Crim. Justice, Cause No. 98-CV-489 in
the United States District Court for the Southern Division.  Appellant=s affidavit did not reference Brown v.
Johnson, Cause No. 89-CV-2469 in the United States District Court for the
Southern District, another lawsuit initiated by appellant. Appellant thus
failed to file a complete declaration relating to previous filings.  According to our review of the record,
appellant further failed to comply with section 14.006 requiring that appellant
file a copy of his inmate trust account with his petition, and also failed to
comply with section 14.005 requiring appellant to file documentation relating
to his grievance procedure.  See Tex. Civ. Prac. & Rem. Code Ann. '' 14.005, 14.006
(Vernon Supp. 2002).

Because appellant did not comply with the requirements of
chapter 14, the trial court did not abuse its discretion in dismissing
appellant=s lawsuit.  See Hughes v. Massey, 65 S.W.3d 743,
746 (Tex. App.BBeaumont 2001,
no pet.).  

The judgment of the trial court is affirmed.

   

 

ROGELIO VALDEZ

Chief Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 20th day of June, 2002.

 











[1]Appellant
argues the trial court erred in dismissing his case as frivolous, but does not
argue that the trial court erred by dismissing his case with prejudice,
therefore, we do not address that issue herein. 
See Tex. R. App. P.
47.1; Diles v. Henderson, No. 13-01-346-CV, 2002 Tex. App. LEXIS 3767,
*1, n.1 (Corpus Christi  May 23, 2002, no
pet. h.).