Opinion issued May 18, 2006









In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00133-CV




CITY OF HOUSTON & HARRIS COUNTY, TEXAS, APPELLANTS

V.

TANYA LYNN DEGNER, INDIVIDUALLY AND A/N/F OF B.D., A MINOR
CHILD, AND FOR RYAN ALLEN DEGNER, APPELLEES




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2004-50705




MEMORANDUM OPINION
 
          This is an interlocutory appeal of the trial court’s denial of appellants’—the
City of Houston (“the City”) and Harris County (“the County”)—pleas to the
jurisdiction. Following the death of Dr. Ryan Allen Degner, appellees—Tanya Lynn
Degner, individually and as next friend of B.D., a minor child, and for Ryan Allen
Degner—sued the City for negligent misrepresentation and failure to make proper
inquiry. Appellees sued the County for negligent supervision of its employees. In
a single issue presented for review, appellants argue that appellees’ suit is barred by
sovereign immunity, and thus they contend the trial court erred in denying their
respective pleas to the jurisdiction. 
          We reverse the cause and render judgment. 
BACKGROUND
          On July 3, 2003, an automobile driven by Dr. Degner crashed into a fixed
object. Prior to the crash, Dr. Degner telephoned 9-1-1. A partial transcript of his
call to 9-1-1 indicates that Dr. Degner had taken some unidentified pills and was
having difficulty staying awake. Toward the end of the transcript, Dr. Degner states,
“[T]he reason I . . . called you all is because I can’t operate this vehicle anymore.”
          As a result of injuries he sustained in the crash, Dr. Degner was placed on life
support. Dr. Degner remained on life support until September 2003 when his wife,
appellee Tanya Lynn Degner, decided to end life support measures. Appellees’ live
pleading states that Tanya made this decision after being informed by the Harris
County Sheriff’s Department that Dr. Degner, in the 9-1-1 call made prior to his
crash, stated that he “wanted to end his life.” Thus, at the time she ordered an end to
the provision of life support, Tanya believed that her actions were consistent with the
wishes of her husband. On September 26, 2003, the City issued a death certificate
listing suicide as the cause of Dr. Degner’s death. Appellees allege that the City’s
decision to list suicide as the cause of death was “reached as a result of information
supplied by the Harris County Sheriff’s Department” indicating that Dr. Degner stated
in the 9-1-1 call that he wished to end his life. 
          In March 2004, appellees obtained a transcript of the 9-1-1 call Dr. Degner
placed moments before his automobile crash. In reviewing the transcript, appellees
discovered that Dr. Degner did not state that he desired to end his life. Appellees
presented this information to the City, which issued an amended death certificate on
July 13, 2004 indicating that Dr. Degner had died as a result of an accident. 
          In their live pleading, appellees allege that they suffered various financial
damages and mental anguish as a result of the initial death certificate stating that Dr.
Degner had committed suicide. Appellees specifically contend that the City
negligently represented that Dr. Degner had ended his own life and failed to properly
inquire into the cause of his death. Appellees further contend that the County failed
to properly supervise its employees, resulting in the gathering and release of
information falsely alleging that Dr. Degner committed suicide. Both the City and
the County filed a plea to the jurisdiction, contending that appellees’ claims were
barred by sovereign immunity. The City’s and the County’s pleas were respectively
denied on January 13, 2005 and February 22, 2005. This interlocutory appeal
followed. 
DISCUSSION
          In their sole issue on appeal, appellants argue that appellees’ suit is barred by
sovereign immunity, and they thus contend that the trial court erred in denying their
respective pleas to the jurisdiction. 
          Standard of Review
          A plea to the jurisdiction challenges the trial court’s subject matter jurisdiction
to hear the case. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). 
Subject matter jurisdiction is essential to the authority of a court to decide a case and
is never presumed. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
443–44 (Tex. 1993). The plaintiff has the burden to allege facts affirmatively
demonstrating that the trial court has subject matter jurisdiction. Id. at 446. 
          The existence of subject matter jurisdiction is a question of law. State Dep’t
of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Therefore, we review the
trial court’s ruling on a plea to the jurisdiction de novo. Gonzalez, 82 S.W.3d at 327. 
In deciding a plea to the jurisdiction, a court may not consider the merits of the case,
but only the plaintiff’s pleadings and the evidence pertinent to the jurisdictional
inquiry. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). 
 
          Sovereign Immunity 
          Under the doctrine of sovereign immunity, a governmental entity cannot be
held liable for exercising its governmental functions unless a constitutional or
statutory provision waives its immunity. See City of Amarillo v. Martin, 971 S.W.2d
426, 427 (Tex. 1998); Dallas County Mental Health & Mental Retardation v. Bossley,
968 S.W.2d 339, 343 (Tex. 1998), cert. denied, 525 U.S. 1017, 119 S. Ct. 541, 142
(1998); Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994). 
Sovereign immunity can be waived only through the use of clear and unambiguous
language. Brown, 80 S.W.3d at 554; York, 871 S.W.2d at 177. 
          Under the Texas Tort Claims Act (“TTCA”), sovereign immunity may be
waived in certain limited circumstances. See Bossley, 968 S.W.2d at 340, 343. The
TTCA provides: 
A governmental unit in the state is liable for:
 
(1)property damage, personal injury, and death proximately caused
by the wrongful act or omission or the negligence of an employee
acting within his scope of employment if:
 
(A)the property damage, personal injury, or death arises
from the operation of use of a motor-driven vehicle
or motor-driven equipment; and
 
(B)the employee would be personally liable to the
claimant according to Texas law; and
 
(2)personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to
Texas law. 

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).


 Thus, for appellants
to be held liable under the act, appellees’ injuries must have been proximately caused
by the operation or use of a motor-driven vehicle or equipment, or by a condition or
use of tangible real or personal property. See Bossley, 968 S.W.2d at 342–43. 
          The parties agree that appellants’ use of a motor driven vehicle or real property
did not cause appellees’ alleged injuries. Therefore, to achieve a waiver of immunity
under the TTCA, appellees’ must show that their injuries were proximately caused
by the condition or use of tangible personal property by individuals employed by
appellants and acting within the scope of their employment. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(2). Causation is not satisfied merely because the
property at issue was involved in the alleged injury. See Bossley, 968 S.W.2d at 343
(“If only involvement were required, the waiver of immunity would be virtually
unlimited, since few injuries do not involve tangible or real property.”). Rather,
“[P]roperty does not cause injury if it does no more than furnish the condition that
makes injury possible.” Id. 
          Tangible personal property has been defined as “something that has a
corporeal, concrete, and palpable existence.” York, 871 S.W.2d at 178. Significantly,
information does not qualify as tangible property under the TTCA, as “information
itself is an abstract concept, lacking corporeal, physical, or palpable qualities.” Id. 
at 179; Sawyer v. Tex. Dep’t of Crim. Justice, 983 S.W.2d 310, 312 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied) (“Information is not tangible because
it lacks corporeal, concrete, and palpable qualities. Although the paper on which the
information is printed is tangible . . . the information itself has no such properties.”). 
Thus, the use or misuse of information will not suffice to support a waiver of
immunity even when a government employee misinterprets information or relies on
it to reach an erroneous conclusion. Prairie View A & M Univ. of Tex. v. Mitchell, 27
S.W.3d 323, 327 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (holding that
alleged misrepresentation by university that Mitchell had not graduated constituted
information and that “[u]se, misuse or nonuse of information does not constitute use,
misuse, or nonuse of tangible personal property under the [TTCA].”); Sawyer, 983
S.W.2d at 312 (“[A] governmental entity does not waive its sovereign immunity by
using or misusing information.”); see also Holland v. City of Houston, 41 F. Supp.2d
678, 691 (S.D. Tex. 1999); Riggs v. City of Pearland, 177 F.R.D. 395, 406 (S.D. Tex.
1997) (noting that claims based on failure to properly identify patient’s medical
condition are barred by sovereign immunity because failure to properly diagnose
involves information, not tangible property). The inability of information to qualify
as tangible property for the purposes of the TTCA is not altered when information is
recorded, either in writing or by computer. See York, 871 S.W.2d at 179; Baston v.
City of Port Isabel, 49 S.W.3d 425, 428 (Tex. App.—Corpus Christi 2001, pet.
denied); Sawyer, 983 S.W.2d at 312 (“Information or misinformation remains
information whether it is transmitted by electronic equipment or by word of mouth.”). 
Whether it exists simply in an oral state or is recorded by or onto tangible property,
information itself remains an intangible entity, and thus it cannot provide the basis
for a waiver of immunity under the TTCA, regardless of how it was used or misused
by government employees. See York, 871 S.W.2d at 179; Mitchell, 27 S.W.3d at 327;
Sawyer, 983 S.W.2d at 312 (“The medium used to communicate information does not
alter its intangible nature.”). 
          Parties’ Contentions
          As noted, the plaintiff has the burden to allege facts affirmatively
demonstrating that the trial court has subject matter jurisdiction. Tex. Air Control
Bd., 852 S.W.2d at 446. A court has jurisdiction to hear a negligence claim against
a governmental entity if the plaintiff has demonstrated that sovereign immunity has
been waived pursuant to section 101.021 of the Texas Civil Practice and Remedies
Code. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Appellees, plaintiffs
below, contend that such a waiver has occurred by virtue of appellants’ use of audio
recordings containing Dr. Denger’s 9-1-1 call. According to appellees: (1) the audio
recordings are tangible property; (2) individuals employed by appellants misused the
recordings; and (3) this misuse proximately caused appellees’ injuries. We disagree. 
          Our review of the pleadings and evidence pertinent to the jurisdictional inquiry
convinces us that appellees’ alleged injuries resulted from the use or misuse of
information, not tangible property. Assuming the pleadings are true, all of appellees’
claims flow from the County’s decision to inform the City that Dr. Degner indicated
he wished to kill himself and the City’s subsequent decision to act on this information
by listing Dr. Degner’s cause of death as suicide. Considering that the recording of
information does not transform it into tangible property, we fail to see how the
appellants’ actions implicate the use of tangible property. See York, 871 S.W.2d at
179; Sawyer, 983 S.W.2d at 312. At most, tangible property—the paper the transcript
was written on; the physical copy of the audio recording—furnished the conditions
for appellees’ alleged injuries, but it was the contents of the property, the information
they contained, that proximately caused the injuries. Moreover, although it is
possible that an employee of the City or the County misinterpreted the 9-1-1 call or
relied on it to reach an erroneous conclusion, such an occurrence would not suffice
to support a waiver of immunity. See Mitchell, 27 S.W.3d at 327; Sawyer, 983
S.W.2d at 312; see also Holland, 41 F. Supp.2d at 691. Thus appellees’ claim that
the tangible audio recordings caused their injuries is misguided. 
          Appellees’ alleged injuries flowed from the information on the recordings, not
the physical recordings themselves. Appellees argue that discovery is needed to
uncover precisely how the actual recordings were misused, and thus they attempt to
avoid the conclusion that their injuries were caused by information on the recordings
rather then recordings themselves. Because the proximate cause of appellees’ injuries
is reducible to the information on the recordings, however, discovery would serve no
purpose.
          Because we conclude that appellees’ injuries were not proximately caused by
a condition or the use of tangible property, we hold that appellants have not waived
their sovereign immunity. Therefore, we need not consider the additional claims
raised by appellants. See Tex. R. App. P. 47.1.CONCLUSION
          Appellees fail to allege a cause of action that falls within any of the three
categories in which the TTCA waives the sovereign immunity afforded to appellants. 
The trial court, therefore, erred in denying appellants’ pleas to the jurisdiction. 
Accordingly, we reverse the judgment of the trial court and render judgment
dismissing appellees’ claims against appellants for want of jurisdiction.
 
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.