Thomas C. SAWYER, Jr., Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee.

No. 01–96–01019–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 15, 1998.

Rehearing Overruled Jan. 15, 1999.

Thomas Sawyer, Huntsville, for Appellants.

Raymond Jeff Lopez, Austin, for Appellees.

Before COHEN, HEDGES, and TAFT, JJ.

## OPINION

TAFT, Justice.

Appellant, Thomas C. Sawyer, Jr., a prison inmate, appeals pro se and in forma pauperis from the dismissal of his claims against the Texas Department of Criminal Justice (TDCJ). We address whether use of a computer or information contained in a computer printout constitutes use of tangible personal property under the Texas Tort Claims Act.[1] We affirm.

## Facts and Procedural History

On July 7, 1995, while incarcerated in the TDCJ, appellant received a computer printout showing December 2024 as his parole review date. This printout contradicted earlier printouts indicating that his parole would be reviewed in September 1998. Appellant claims the miscommunication caused him emotional distress, for which he sought psychiatric care. The TDCJ corrected the error in a letter dated August 6, 1995, which again indicated September 1998 as the parole review date.

Appellant sued the TDCJ, seeking damages for the mental anguish he allegedly suffered because of the miscommunication in the parole review date. The trial court reviewed appellant's pleadings and dismissed his cause of action as frivolous, having no arguable basis in law or fact. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2) (Vernon Supp.1998). Appellant challenges this dismissal.

## Dismissal of Frivolous Claim

In his sole point of error, appellant complains that the trial court abused its discretion in dismissing his claim. Specifically, he argues that the TDCJ waived sovereign immunity by negligent use of tangible personal property.

1. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021–.029 (Vernon 1997).

### A. Standard for Dismissal of Claim Having No Arguable Basis in Law

■■■ A Texas trial court may dismiss a claim as frivolous when it has no arguable basis in law or fact. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2) (Vernon Supp.1998). When the trial court dismisses a claim without conducting a fact hearing, however, the issue on appeal is whether the claim had no arguable basis in law. See Birdo v. Williams, 859 S.W.2d 571, 572 (Tex.App.—Houston [1st Dist.] 1993, no writ).[2] We therefore consider whether the trial court properly concluded there was no arguable basis in law for appellant's claim. This is a legal question that we review de novo. See In re Humphreys, 880 S.W.2d 402, 404 (Tex.1994) (explaining that questions of law are always reviewable de novo).

### B. Sovereign Immunity

■■■ The TDJC is normally entitled to claim sovereign immunity because it is a governmental entity. See, e.g., Thomas v. Brown, 927 S.W.2d 122, 127–28 (Tex.App.—Houston [14th Dist.] 1996, writ denied) (applying the sovereign immunity doctrine to the TDJC). Under the doctrine of sovereign immunity, governmental entities are generally immune from liability for the negligence of their employees. University of Texas Med. Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994). The Texas Tort Claims Act waives this immunity in limited situations, as described in the Act. See TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 1997); York, 871 S.W.2d at 177. Section 101.021 provides in pertinent part:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the opera-

2. Decided under TEX. CIV. PRAC. & REM. CODE ANN. § 13.001(a)(2), (b)(2) (Vernon Supp. 1998).

tion or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death *so caused by a condition or use of tangible personal or real property* if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 1997) (emphasis added). Appellant claims injury under section 101.021(2).

## C. Is a Computer Printout Tangible Personal Property?

■ Appellant maintains the TDCJ used tangible personal property under the Texas Tort Claims Act because it used a computer to create the erroneous printout or, alternatively, that the computer printout is itself tangible personal property.

In *Texas Department of Corrections v. Winters,* the court concluded that a governmental unit used tangible personal property, as contemplated by section 101.021(2) of the Texas Tort Claims Act, because the Texas Department of Corrections (TDC) used a machine to telegraph information to an inmate's wife. 765 S.W.2d 531, 532 (Tex. App.—Beaumont 1989, writ denied). Accordingly, the court held that the TDC had waived sovereign immunity. *Id.*

*Winters* relied on *Salcedo v. El Paso Hospital District,* 659 S.W.2d 30, 32 (Tex.1983). In *Salcedo,* however, the alleged misuse of tangible personal property arose from the defendant hospital's misuse of equipment, specifically, electrocardiogram equipment, which the plaintiff claimed was the proximate cause of her husband's death. *Salcedo,* 659 S.W.2d at 31. Here, and in *Winters,* equipment used to communicate information was not the source of the alleged injuries. Rather, the alleged injury arose from the information conveyed.

■ The distinction between use of equipment and use of information was the reason why the Texas Supreme Court de-clined to follow *Salcedo* in *York. See York,* 871 S.W.2d at 178–79. Tangible personal property refers to something that is corporeal, concrete, and has a palpable existence. *Id.* at 178. As *York* clarified, use, misuse, or nonuse of medical information does not constitute use, misuse, or nonuse of tangible personal property under section 101.021(2). *York,* 871 S.W.2d at 178–79. Information is not tangible because it lacks corporeal, concrete, and palpable qualities. *Id.* at 179. Although the paper on which the information is printed is tangible, in that it can be seen and touched, the information itself has no such properties. *Id.* Therefore, a governmental unit does not waive its sovereign immunity by using or misusing information. *See, e.g., Kassen v. Hatley,* 887 S.W.2d 4, 14 (Tex.1994) (restating the *York* holding).

Recent cases have relied on *York* to reject claims premised on the use of computers, telephones, or other electronic equipment for recording, collecting or communicating information, as constituting use of tangible personal property under the Texas Tort Claims Act. *See, e.g., Martinez v. City of Abilene,* 963 S.W.2d 559, 560 (Tex.App.—Eastland 1998, no pet.); *Thomas v. Brown,* 927 S.W.2d 122, 128 (Tex.App.—Houston [14th Dist.] 1996, writ denied); *Dear v. City of Irving,* 902 S.W.2d 731, 737 (Tex.App.—Austin 1995, writ denied). We agree with the reasoning applied in this line of cases. Information or misinformation remains *information,* whether it is transmitted by electronic equipment or by word of mouth. The medium used to communicate information does not alter its intangible nature. We decline to follow *Winters.*

We hold that the TDCJ did not waive the sovereign immunity afforded by the Texas Tort Claims Act through the erroneous use of information contained in the computer or the computer printout. For these reasons, the trial court did not err in concluding that appellant's claim was frivolous as having no arguable basis in law, and in dismissing his suit on that ground.

We overrule appellant's sole point of error.

**Conclusion**

We affirm the judgment of the trial court.