No. 04-00-00497-CV



Ali R. ONDEMIR,


Appellant



v.



BEXAR COUNTY CLERK and Bexar Appraisal District,


Appellees



From the 45th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-07524


Honorable Andy Mireles, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: September 26, 2001


AFFIRMED

 Ali R. Ondemir appeals both the summary judgment rendered against him and the granting
of special exceptions and dismissal with prejudice of his claims against the Bexar County Clerk
(BCC) and the Bexar Appraisal District (BAD). We affirm the trial court's judgments. 

Factual and Procedural Background


 In October of 1997, Ondemir filed a court order with the BCC's office indicating transfer of
title to a residential property from himself to Ocwen Federal Bank. However, due to a clerical error
in recording the court's order, the BCC's records continued to reflect Ondemir as owner of the
property. The BAD records, based on the BCC records, likewise reflected that Ondemir owned the
property, when in fact, title had been transferred to the bank. A homeowner's association assessed
a $150 fee on the property for the period of October 1996 through December 1997. Ondemir paid
the $150 fee, as well as an additional $90 late fee. Ondemir filed this suit for monetary damages
against BCC and BAD. 

 BAD filed special exceptions to Ondemir's original petition. Ondemir filed a response and
a first amended original petition. A hearing was held on BAD's special exceptions, and the trial
court found that BAD's affirmative defense of sovereign immunity was established on the face of
the Plaintiff's petition. The court further found that the nature of the claims asserted by Ondemir
and the immunity defense asserted by BAD were such that the defects in Ondemir's pleadings could
not be cured by further amendment. The trial court, therefore, granted BAD's special exceptions and
dismissed Ondemir's claims with prejudice.

 BCC moved for summary judgment with regard to all of Ondemir's claims, also claiming
sovereign immunity. BCC asserted that as Ondemir's only complaint was that the clerk's office
incorrectly recorded and reflected the property title information, he did not present a viable claim
under the Texas Tort Claims Act. The trial court granted summary judgment in favor of BCC.
Ondemir brings this appeal, challenging the trial court's orders dismissing his claims against BAD
and granting BCC's summary judgment. 

Sovereign Immunity


 The Texas Supreme Court "has long recognized that sovereign immunity, unless waived,
protects the State of Texas, its agencies and its officials from lawsuits for damages, absent legislative
consent to sue the State." Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997) (citations
omitted), overrruled on other grounds by Gen. Serv. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d
591 (Tex. 2001). Sovereign immunity consists of two distinct principles, immunity from suit and
immunity from liability. See Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).
Immunity from suit bars an action against the State unless it expressly consents to the suit. Id. (citing
Fed. Sign, 951 S.W.2d at 405; Missouri Pac. R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d
812, 814 (Tex. 1970)). The party suing the governmental entity must establish the State's consent,
which may be alleged either by reference to a statute or to express legislative permission. Id.
(citations omitted). Immunity from liability protects the State from judgments even if the Legislature
has expressly given consent to the suit. Fed. Sign, 951 S.W.2d at 405 (citation omitted). The Texas
Tort Claims Act creates a limited waiver of sovereign immunity. Tex. Civ. Prac. & Rem. Code
Ann. § 101.021 (Vernon 1997). The waiver applies only when the damages are caused from the
operation or use of a motor-driven vehicle or equipment or by a condition or use of tangible personal
or real property. Id.

Special Exceptions


 BAD asserted in its special exceptions that Ondemir failed to allege a valid cause of action
and that the facts as alleged in Ondemir's petition established BAD's affirmative defense of
governmental immunity. Ondemir filed a response to the special exceptions and amended his
petition. In his amended petition, Ondemir pled three causes of action: (1) negligence; (2) breach
of contract; and (3) obstruction of justice. As to the negligence cause of action, he asserted that his
claim was actionable against BAD under the Texas Tort Claims Act, because his claim involved the
use or condition of tangible personal property. 

 Ondemir argues that under the Texas Tort Claims Act, BAD is not immune from suit as his
injuries were caused by the use of BAD's computers, which are tangible personal property. He also
asserts that the negligent keeping of files, records or other documentation may be grounds for a suit
under the exception as a use or condition of tangible personal property. 

 Ondemir's claim is for damages arising from BCC's misfiling of information which BAD,
in turn, erroneously reflected in its records. This fact scenario does not fit within the Tort Claims
Act limited waiver. The Texas Supreme Court has held that information "is an abstract concept,
lacking corporeal, physical, or palpable qualities." Univ. of Tex. Med. Branch v. York, 871 S.W.2d
175, 179 (Tex. 1994). The fact that information is recorded in writing does not render it tangible.
Id. Thus, the Legislature has not eliminated governmental immunity for dangers resulting from the
misuse of information, even if that information is in writing. Id. Following York, the Eastland Court
of Appeals held that information put "in the wrong category in the computer" is a case of misuse of
information, not a case of misuse of tangible property. Martinez v. City of Abilene, 963 S.W.2d 559,
560-61 (Tex. App.--Eastland 1998, no pet.). Likewise, the First Court of Appeals held that the
government does not waive immunity through the erroneous use of information contained in the
computer or the computer printout. Sawyer v. Tex. Dep't of Criminal Justice, 983 S.W.2d 310, 312
(Tex. App.--Houston [1st Dist.] 1998, pet. denied). Ondemir's claims are factually similar to the
above-discussed cases. Accordingly, we find that Ondemir's negligence claims are not waived by
the Texas Tort Claims Act.

 Ondemir's breach of contract and obstruction of justice claims also fail. Ondemir has not
identified a contract that was subject to breach. And, obstruction of justice is not a civil cause of
action; rather, it is a criminal act subject to prosecution under the Texas Penal Code. See Carney v.
State, 31 S.W.3d 392, 395 (Tex. App.-Austin 2000, no pet.) (discussing that statute under
consideration was "one of a number of Texas penal statutes related to the obstruction of justice").
Ondemir cites no legal authority permitting a civil suit for obstruction of justice. Therefore, the trial
court did not err by dismissing Ondemir's claims against BAD. 

 Summary Judgment


 The underlying purpose of Texas' summary judgment rule is to eliminate unmeritorious
claims. City of San Antonio v. Bullock, 34 S.W.3d 650, 652 (Tex. App.-San Antonio 2000, pet.
denied) (citing Casso v. Brand, 776 S.W.2d 551, 556 (Tex.1989)). Summary judgment is proper if
the defendant disproves at least one element of each of the plaintiff's claims, or establishes all
elements of an affirmative defense to each claim. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420,
425 (Tex. 1997). 

 BCC filed a summary motion judgment, asserting the affirmative defense of sovereign
immunity. Ondemir's claims against BAD are similar to his claims against BCC, as they are based
on incorrectly recorded title information. BAD is likewise immune from liability as Ondemir's
claims do not fall within the Texas Tort Claims Act. See Fed. Sign, 951 S.W.2d at 405. We hold
that the trial court's summary judgment was proper.




Conclusion

 We find that the trial court did not err in dismissing Ondemir's claim against BCC, nor did
it err in granting summary judgment in BAD's favor. We affirm the judgments of the trial court.


 Karen Angelini, Justice

DO NOT PUBLISH