Opinion issued October 31, 2002




 






 

 


In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00089-CV

____________


CARLOS MORELAND, Appellant


V.


GARY JOHNSON, ALAN POLUNSKY, WARDEN PRICE, ADMIN.
BAINES, JOHN DOE, LESLIE WOODS, LIEUTENANT KING, MAJOR
KING, OFFICER B. SHAW, ALVIN EASTERLING, WARDEN CASTRO,
JOHN DOE, WARDEN FOX, OFFICER HONEYCUTT, C.D. LUCAS,
OFFICER BRADY, WARDEN PRICE, OFFICER LOONEY, Appellees






On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 21372






O P I N I O N

 Appellant, Carlos Moreland, filed an inmate civil action for violation of his
constitutional rights, seeking money damages, a declaratory judgment, and punitive
and injunctive relief against numerous defendants employed by the Texas Department
of Criminal Justice. In his sole point of error, appellant contends the trial court erred
in dismissing his petition and abused its discretion in failing to grant him a hearing
and leave to amend his original petition. We affirm.

Procedural Background

 On October 3, 2001, appellant, a prison inmate, brought a suit in forma
pauperis against numerous defendants employed by the Texas Department of
Criminal Justice. Appellant alleged that he sustained damages as a result of
violations of state law, his Fourteenth Amendment (1) right to due process, and his
Eighth Amendment (2) right to be free from cruel and unusual punishment. Appellant
alleged numerous claims, including the unlawful confiscation and destruction of his
property, retaliation, and physical harm from repeated exposure to harmful chemical
agents.

 The trial court requested that the Attorney General of Texas review appellant's
pleadings, affidavits, unsworn declarations, and exhibits for compliance with Chapter
14 of the Civil Practice and Remedies Code (Code). See Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.001-.014 (Vernon Supp. 2002). The Attorney General filed an
amicus curiae brief and advised the trial court that appellant had failed to comply
with sections 14.004(a) and 14.005(b) of the Code. Appellant then requested leave
of the trial court to file a supplemental petition, but the trial court dismissed
appellant's claims with prejudice.

Standard of Review

 We review a dismissal under Chapter 14 for an abuse of discretion by the trial
court. Carson v. Gomez, 841 S.W.2d 491, 494 (Tex. App.--Houston [1st Dist.] 1992,
no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and
without reference to any guiding principles or rules. Brewer v. Collins, 857 S.W.2d
819, 822 (Tex. App. --Houston [1st Dist.] 1993, no writ). 

 When the trial court dismisses a claim without a hearing, the issue on appeal
is whether the claim had no arguable basis in law. Sawyer v. Tex. Dep't of Crim.
Justice, 983 S.W.2d 310, 311 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd). 
Thus, we review, de novo, the legal question of whether the trial court properly
concluded that appellant had no arguable basis in law for maintaining his suit. Id.

Grievance System Decision

 An inmate who files a lawsuit based on claims presented in a previous
grievance proceeding must file an affidavit or unsworn declaration stating the date
on which the grievance was filed and the date on which a written decision on the
grievance was received. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a) (Vernon
Supp. 2002). A lawsuit based on the same allegations as made in a grievance must
be dismissed if it is not filed before the 31st day after the date on which a written
decision in the grievance proceeding is received. Id. at § 14.005(b) (Vernon Supp.
2002). 

 In his original petition, appellant included a list of the dates on which he had
filed grievances and the dates on which he received decisions in those grievance
proceedings. Appellant asserted that he received his last decision from the grievance
system on June 11, 2001. However, appellant did not file his lawsuit until October
3, 2001--114 days after he received his grievance system decision--well outside the
31-day limitation period. Id. Thus, appellant failed to timely file his suit.

 Appellant argues that the grievance system procedure was incomplete, and that
his "ongoing" grievances, as alleged in his proposed supplemental petition, should
be considered because they "relate back" to his original petition. He relies on section
14.005(c) of the Code, which requires a trial court to stay the proceeding with respect
to a claim, for a period not to exceed 180 days, to permit completion of the grievance
system procedure. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(c) (Vernon
Supp. 2002). However, the record in this case reflects that appellant's proposed
"supplemental" petition alleged new and different claims, which were not alleged in
his original petition. It does not demonstrate that the grievance system procedure was
not complete for the claims made in the original petition. Thus, appellant's reliance
on section 14.005(c) is misplaced, and his argument is without merit. 

 Appellant further contends that the trial court abused its discretion in not
granting him a hearing and in not allowing him to supplement his original petition. 
However, a trial court's decision on whether to hold a hearing on the dismissal of
inmate litigation for failure to comply with the statutes governing such litigation is
discretionary. Williams v. Brown, 33 S.W.3d 410, 411 (Tex. App.--Houston [1st
Dist.] 2000, no pet.). Moreover, allowing appellant an opportunity to supplement his
petition would not have resulted in a different outcome, because the supplemental
claims alleged did not demonstrate that the claims made in the original petition were
"ongoing." Thus, we hold that the trial court did not abuse its discretion in denying
appellant a hearing or an opportunity to supplement his petition.

 We further hold that the trial court did not abuse its discretion in dismissing
appellant's suit because appellant did not comply with Code section 14.005(b). 
Because appellant did not demonstrate that he filed his suit within 31 days of
receiving the written response to his grievance, the court was authorized to dismiss
appellate's suit for non-compliance. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)
(Vernon Supp. 2002). A suit that is not timely filed pursuant to section 14.005(b) is
barred and may be dismissed with prejudice. Id. at § 14.005(b). Thus, we hold that
the trial court did not abuse its discretion in dismissing appellant's suit. 

 Appellant's sole point of error is overruled.

Conclusion

 We affirm the order of dismissal.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.


Publish. Tex. R. App. P. 47.
1. U.S. Const. amend. XIV.
2. U.S. Const. amend. VIII.