Opinion issued December 4, 2003



     









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00578-CR




DENNIS M. MAGEE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 895000




MEMORANDUM OPINION
          Appellant, Dennis M. Magee, a deputy with the Harris County Constable’s
Office, pleaded not guilty to tampering with a government record. A jury convicted
him and the trial court assessed punishment at one year’s confinement in state jail.
          In two issues presented for review, appellant contends the evidence was legally
and factually insufficient to sustain his conviction or to negate his affirmative defense
because the State did not prove that the offense report was a governmental document
or that anyone was harmed. We affirm.
Facts
          Fourteen year old Joshua Lowe and a friend of his stole a cell phone and a
purse from a neighborhood gym, but were caught in the act. As the boys fled the
scene, several bystanders who gave chase caught and detained them until the police
arrived. 
          Appellant and fellow deputy Brian Hodges arrived at the scene. Hodges
interviewed witnesses while appellant went to the location where the boys were being
held. Joshua was detained as a runaway, taken to the police station, and charged with
possession of drug paraphernalia. 
          Appellant prepared a police offense report in which he claimed that he had
found a marijuana pipe in Joshua’s right front shorts pocket. Deputy Brian Hodges,
however, filed a supplemental report in which he said he had found the pipe in some
bushes near the gym.


 When appellant realized the reports differed, he asked Hodges
to meet him for breakfast. At the restaurant, he attempted to convince Hodges to alter
the supplemental report. When Hodges refused, appellant altered his own report. 
Hodges kept a hard copy of appellant’s original report and turned it over to his
sergeant. After an internal investigation, appellant was fired and criminal charges
were brought against him, resulting in a jury trial and this appeal.
Analysis
          Appellant concedes that his initial report was false. He challenges only the
legal and factual sufficiency proving that he made the false entry on a “government
record” or that he intended to harm Joshua.
          Standards of Review
          The critical inquiry on review of the legal sufficiency of the evidence to
support a criminal conviction is whether the evidence in the record could reasonably
support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 
307, 319, 99 S. Ct. 2781, 2783 (1979). The relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Id. 443 U.S. at 319, 99 S. Ct. at 2789. This familiar standard gives full play
to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to ultimate
facts. Id.; Santellan v. State, 939 S.W.2d 155, 160 (Tex. Crim. App. 1997); Howley
v. State, 943 S.W.2d 152, 155 (Tex. App.—Houston [1st Dist.] 1997, no pet.).
          In reviewing factual sufficiency, we examine all of the evidence neutrally and
ask whether proof of guilt is so obviously weak or greatly outweighed by contrary
proof as to indicate that a manifest injustice has occurred. King v. State, 29 S.W.3d
556, 563 (Tex. Crim. App. 2000); see Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996). The weight to be given contradictory evidence is within the sole
province of the jury, because it turns on an evaluation of credibility and demeanor. 
Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 
          Evidence Adduced at Trial
          In his first issue, appellant challenges the sufficiency of the evidence to show
that the report he prepared was a “governmental record.” A person commits the
offense of tampering with a governmental record if he knowingly makes a false entry
in a governmental record. Tex. Pen. Code Ann. § 37.10(a)(1) (Vernon 2003). The
offense is a state jail felony if the actor’s intent is to defraud or harm another. Id. §
37.10(c)(1). A governmental record is defined as anything “belonging to, received
by, or kept by government for information”; anything required by law to be kept for
governmental information; or a license, certificate, permit or other similar document
issued by a governmental entity. Id. § 37.01(2)(A),(B),(C).
          Nature of Report
          Appellant contends that the police offense report he falsified is not a
government document because (1) the State did not prove it was required by law to
be kept; (2) it was never approved or disseminated to any governmental office or
agency; and (3) as it did not exist in any tangible form until it was approved—by
which time it was no longer false—thus, it was merely a “potential” record. This
argument has no merit, and we wholly reject it. 
          As the State notes, the broad definition of a governmental record as “anything”
kept by a governmental unit for information encompasses the police offense detail
report at issue here. Appellant prepared the report as part of his official governmental
duties as a peace officer, and the report containing the false entry is stored in a
criminal justice computer database. The medium in which information is kept does
not change its nature. See Sawyer v. Texas Dep’t of Crim. Justice, 983 S.W.2d 310,
312 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Thus, it does not matter
whether the report was prepared as a paper document or entered directly into a
computer database. It was a report kept by a governmental unit for information;
therefore, it was a “governmental record” under the Penal Code.
          Statutory Defense
          In his second issue, appellant contends that the evidence is not legally or
factually sufficient to defeat his defensive theory of harmlessness because the report
was never disseminated to the district attorney’s office or a grand jury and it was
“never used in any manner to harm the juvenile.” 
          The Penal Code provides that it is a defense to prosecution that the false entry
“could have no effect on the government’s purpose for requiring the record.” Tex.
Pen. Code Ann. § 37.10(f) (Vernon 2003). The key words in this provision are
“could have no effect.” Not only could this report have had an effect, it did have an
effect. Joshua was harmed by being falsely charged with possession of drug
paraphernalia because his school was informed of the charge and, unless expunged,
the charged offense will remain on his record. As to the intent to harm Joshua, the
jury rejected appellant’s claim that he concocted the offense in an attempt to help
divert Joshua from criminal acts and associates. They chose instead to believe
Deputy Hodges—as was their prerogative—who testified that, when he expressed his
concern about the boy being falsely charged, appellant replied, “F*** him. He’s a
little s**t.”
          Conclusion
          After reviewing the evidence favorable to the conviction, we conclude that a
rational trier-of-fact could have found that the elements of the crime were proved
beyond a reasonable doubt. We overrule the first issue.
          After reviewing all the evidence, we conclude that the verdict is not so
obviously weak or greatly outweighed by contrary proof as to indicate that a manifest
injustice has occurred. We overrule the second issue.
 

          We affirm the trial court’s judgment.
 

                                                             Evelyn V. Keyes
                                                             Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.4.