NO. 07-03-0211-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



 JUNE 18, 2004


______________________________



GARY REED WALP, 



 Appellant


v.



STATE OF TEXAS and GARY L. JOHNSON, EXECUTIVE DIRECTOR


DEPARTMENT OF CRIMINAL JUSTICE, 



 Appellees

_______________________________



FROM THE 75TH DISTRICT COURT OF LIBERTY COUNTY;



NO. 61,458; HON. C. T. HIGHT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________


Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Gary Reed Walp appeals the dismissal of his lawsuit against the State of
Texas and Gary L. Johnson, Executive Director of the Texas Department of Criminal
Justice. On appeal, he presents eight issues in which he contends: 1) dismissal of his
various causes of action asserted in his live pleading was improper given the "mootness-exception test"; 2) he has a right to constitutionally challenge the conditions of his
mandatory supervision; 3) he has a right to due process in challenging the State's
determination that compulsory sex offender treatment should be a condition of his
mandatory supervision; 4) his right to free speech permits him to assert his innocence viz
his 1980 conviction for aggravated sexual assault, to deny having used a deadly weapon
in the commission of the offense, and to refuse to disclose his sexual history and thoughts
as a condition of mandatory supervision; 5) his right against self-incrimination is violated
by the requirement that he give statements regarding his sexual history as a condition of
compulsory sex offender treatment while on mandatory supervision; 6) his right to privacy
permits him to refuse to take polygraph and plethysmograph tests as a condition of
compulsory sex offender treatment while on mandatory supervision; 7) he is entitled to a
due process hearing to challenge the numeric risk level assigned him under article 62.035
of the Texas Code of Criminal Procedure as part of his release on mandatory supervision;
and 8) the trial court abused its discretion for "other reasons" in dismissing his lawsuit. We
affirm the dismissal of the trial court.

Background


 Walp was convicted of aggravated sexual assault in 1980. He originally filed his
lawsuit as an indigent inmate against the State of Texas and Warden Lynn Smith of the
Texas Department of Criminal Justice under Chapter 14 of the Texas Civil Practice and
Remedies Code. He participated in a sex offender treatment program while in prison,
which program he allegedly completed. However, he was allegedly subjected to discipline
for filing grievances with respect to his participation in the program. He also claimed to be
scheduled for release from prison on mandatory supervision on July 2, 2003, and made a
variety of complaints regarding the State's intent to subject him to additional sex offender
treatment while on mandatory supervision. 

 A hearing on the State's motion to dismiss was held on September 27, 2001. At that
hearing, Walp stated: "I have no objection to the [sex offender treatment ] program itself,
no. There is a little bit to learn there." However, he did object to being forced to admit his
guilt during treatment. At that hearing, the State raised the issue of whether the proper
party had been sued and agreed to "see about getting a waiver of service from Gary
Johnson or the Department." The court also appointed counsel for Walp. 

 On January 6, 2003, Walp filed his third amended original petition in which he sued
the State of Texas and Gary L. Johnson, Executive Director of the Texas Department of
Criminal Justice. There is no evidence in the record that Johnson was ever served or
waived service. In that petition, Walp sought 1) a declaration that the State violated his
rights of free speech and due process of law (by requiring him to admit his guilt and
denying him the opportunity to openly discuss his offense), 2) to enjoin the State from
subjecting him to compulsory treatment on mandatory supervision without a hearing, 3) to
enjoin the State from requiring him to admit his guilt, admit to using a deadly weapon,
disclose his sexual history, thoughts, and feelings, subject him to polygraph or
plethysmograph tests, and waive liability against the treatment providers as part of his
release on mandatory supervision, 4) to enjoin the State from issuing a "blue warrant" to
revoke his release on mandatory supervision for his refusal to do those things, 5) a 
declaration that articles 62.02 (sex offender registration) and 62.035 (sex offender risk
level) of the Code of Criminal Procedure are unconstitutional, and 6) to enjoin the State
from applying article 62.035 to him without a hearing. At Walp's request, the court entered
an order on February 13, 2003, terminating his court-appointed counsel. On February 21,
2003, the court dismissed the lawsuit as frivolous. 

Discussion


 In determining whether a claim is frivolous, the court may consider whether 1) the
claim's realistic chance of ultimate success is slight, 2) the claim has no arguable basis in
law or in fact, and 3) it is clear that the party cannot prove facts in support of the claim. 
Tex. Civ. Prac. & Rem. Code Ann. §14.003 (Vernon 2002). We review the court's ruling for
an abuse of discretion. Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.-Tyler
1994, no writ). When the trial court dismisses a claim without conducting a fact hearing,
we are limited to reviewing whether the claim had an arguable basis in law. Sawyer v.
Texas Department of Crim. Justice, 983 S.W.2d 310, 311 (Tex. App.-Houston [1st Dist.]
1998, pet. denied).

 Denial of Due Process (1)

 Walp asserts that he is entitled to a hearing to determine whether he is a proper
candidate for compulsory sex offender treatment as a condition of mandatory supervision. 
He posits that he is not such a candidate because he is no longer a threat to public safety. 

 According to the statute Walp cites, a parole panel "shall establish a child safety
zone applicable to a releasee if the panel determines that a child . . . was the victim of the
offense, by requiring as a condition of parole or mandatory supervision that the releasee
. . . attend . . . psychological counseling sessions for sex offenders . . . ." Tex. Gov't Code
Ann. §508.187(b)(2) (Vernon Supp. 2004). As can be seen, the requirement to undergo
counseling is dependent upon the releasee having committed an offense against a child,
not upon whether his psychological condition indicates that he is likely to offend again. The
latter condition being irrelevant to the application of §508.187(b)(2), appellant is not entitled
to a due process hearing to address that fact question. Connecticut Dept.of Pub. Safety
v. Doe, 538 U.S. 1, 7, 123 S.Ct. 1160, 1164-65, 155 L.Ed.2d 98, 105 (2003) (holding that
Doe was not entitled to a due process hearing to determine whether he posed a danger for
purposes of registering as a sex offender because registration was dependent upon his
having committed a sex offense, not his purported dangerousness).

 Assuming arguendo that Walp complains about some program other than that
encompassed by §508.187(b)(2), he does not cite us to the terms of any such program. 
Thus, we cannot say whether they can lawfully be imposed upon him or whether they fall
within the scope of Connecticut Dept. of Pub. Safety v. Doe. 

 Walp also contends that he is entitled to a hearing to challenge any numeric risk
level assigned him under art. 62.035 of the Texas Code of Criminal Procedure as part of
his release on mandatory supervision. (2) The contention is founded on the premise that the
statute "denies [him] of a hearing . . . ." Yet, upon reading the provision, one discovers that
it does not address the situation one way or the other. Nor does it state that the
assignment cannot be questioned. Thus, the trial court was entitled to conclude that the
provision does not deny him a hearing in any way. 

 Furthermore, at the time his suit was dismissed, Walp had yet to be released on
parole or mandatory supervision. Thus, whether he is assigned a numeric risk level to
which he objects is utter speculation, as is whether a means will or will not be available for
him to contest the assignment assuming he disagrees with it.

 Self-Incrimination


 As to his claim about his self-incrimination "as a condition of compulsory sex
offender treatment on mandatory supervision," it too lacks substance. First, he fails to cite
to anything of record purporting to indicate that he must incriminate himself to secure
mandatory supervision. Second, and assuming arguendo that such a condition does exist,
its impact, if any, upon him would be dependent upon his release on mandatory
supervision, the imposition of the requirement, and his refusal to comply with it. Since none
of these circumstances had occurred by the time he filed suit and before the trial court
dismissed it, their coming to fruition was simply speculation. In short, and again assuming
that the State maintained a policy requiring him to incriminate himself, suit raising this claim
was premature. In re Shaw, 117 S.W.3d 520, 525 (Tex. App.-Beaumont 2003, pet.
denied) (holding that speculation as to injuries that could result from a refusal to comply
with an order to submit to a polygraph test which are merely contingent and have not yet
accrued are not ripe).

 Right to Refuse a Polygraph and Plethysmograph Test, and to Free Speech

 As to the allegations regarding the refusal to undergo a polygraph or
plethysmograph test and the invocation of his right to free speech, each again relates to
his release on mandatory supervision. So too are they dependent upon the State imposing
upon him conditions of parole that somehow require him to undergo polygraph or like
examination or forego any free speech right he may have. Walp cites us to nothing of
record reasonably indicating that such conditions may be imposed. Nor does he cite us to
anything of record reasonably suggesting how the State will react to his refusal to undergo
testing or to speak of things he cares not to discuss. Assuming arguendo that the State
attempts that which he fears, if it does nothing in response to his ensuing conduct
(whatever that conduct may be), it can hardly be said that he suffered any injury warranting
judicial intervention. In short, pursuing these conjectural allegations via suit is also
premature.

 Mootness

 As to the issues involving whether his causes of action one through seven were
moot, we note that the trial court dismissed them "as frivolous." Next, while he purports to
argue, on appeal, why causes of action four through seven are meritorious, he does not do
so with regard to causes of action one through three. Thus, any complaint about the
dismissal of claims one through three on the ground of frivolousness was waived due to the
lack of briefing. Sunnyside Feedyard, L.C. v. Metropolitan Life Ins. Co., 106 S.W.3d 169,
173 (Tex. App.-Amarillo 2003, no pet.). Finally, we addressed the meritoriousness, or lack
thereof, of his allegations about causes of action four through seven in this opinion under
the headings "Due Process," "Self-incrimination," and "Right to Refuse a Polygraph and
Plethysmograph Test, and to Free Speech."

 "Other Reasons" 

 Finally, Walp contends that the trial court erred in dismissing his suit for "other
reasons." However, none of those reasons address the basis mentioned by the trial court,
i.e. frivolousness. Nor do they purport to show that his allegations were not frivolous. For
instance, he posits that the proper parties were eventually served or joined and that the trial
court failed to consider his "third amended original petition." Yet, how those contentions
affect the dismissal goes unexplained. Nor do we read them as addressing the basis upon
which the trial court relied in dismissing the suit. 

 In sum, we overrule each issue of Walp. The latter failed to show that the trial court
abused its discretion in dismissing his suit as frivolous. Accordingly, the order of dismissal
is affirmed.


 Brian Quinn 

 Justice 

1. Though he complained below about losing privileges as a result of his participation in a treatment
program, his complaints on appeal do not encompass those matters. Instead, his allegations concern action
to which he may be subject once released from prison on mandatory supervision. And, that is the framework
within which we work. 
2. The numeric risk level purports to gauge the sex offender's propensity to engage in criminal sexual
conduct. Tex. Code Crim. Proc. Ann. art. 62.035(c) (Vernon Supp. 2004).