Reversed and Dismissed and Memorandum Opinion filed October 12, 2006








Reversed and
Dismissed and Memorandum
Opinion filed October 12, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00322-CV

____________

 

COUNTY OF GALVESTON, TEXAS, Appellant

 

V.

 

CASSAUNDRA NICHOLS, INDIVIDUALLY
AND AS NEXT FRIEND OF MINOR 1, MINOR 2, AND MINOR 3, Appellee

 



 

On Appeal from the 405th
District Court

Galveston County, Texas

Trial Court Cause No. 05CV0942

 



 

M E M O R A N D U M   O P I N I O N








Cassaundra Nichols, individually and as next friend of
Minor 1, Minor 2, and Minor 3, sued the County of Galveston, Texas, alleging
negligence.  Galveston County filed a plea to the jurisdiction asserting
governmental immunity, which the trial court denied.  Galveston County now
brings this interlocutory appeal from the denial of its plea.  See Tex. Civ. Prac. & Rem. Code Ann. '51.014(a)(8)
(Vernon Supp. 2006) (authorizing interlocutory appeal from the denial of a plea
to the jurisdiction based on governmental immunity).  We reverse the trial
court=s order and
dismiss Nichols= cause of action for want of subject
matter jurisdiction.

Background

In her petition, Nichols alleges that on November 15, 2003,
she obtained a protective order against Guy Nichols from Judge Kathleen
McCumber, the Justice of the Peace for Galveston County Precinct 8-1.  At that
time, Guy Nichols was running for reelection as Constable for  Galveston County
Precinct 7.  Nichols further contends that on November 17, 2003, members of
Judge McCumber=s staff transmitted via facsimile machine a copy of
the protective order, along with Nichols= affidavit used to
obtain the order, to the Chief Clerk of Precinct 7.  The Aprivate and
personal information@ contained in the affidavit was apparently
subsequently released by Guy Nichols= political
opponents to a local newspaper for publication.  Cassaundra Nichols alleges
that the misuse of the fax machine by Galveston County personnel caused her and
her children injury, including mental anguish, embarrassment, humiliation, and
stress.  In its plea to the jurisdiction, Galveston County asserted
governmental immunity.  The trial court denied the plea.

Sovereign & Governmental Immunity

Sovereign immunity from suit defeats a trial court=s subject matter
jurisdiction unless the state expressly consents to the suit.  Tex. Dep=t of Transp. v.
Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Governmental immunity operates like
sovereign immunity to afford similar protection to subdivisions of the State,
including counties, cities, and school districts.  Wichita Falls State Hosp.
v. Taylor, 106 S.W.3d 692, 694 n. 3 (Tex. 2003).  The Texas Tort Claims Act
provides a limited waiver of governmental immunity when certain conditions are
met.  Tex. Civ. Prac. & Rem. Code
Ann. '' 101.021, 101.025 (Vernon 2005); Harris County v.
Sykes, 136 S.W.3d 635, 638 (Tex. 2004).  The Act provides as follows:

A governmental unit in the state may be sued for:

(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:








(A) the property damage, personal injury, or death
arises from the operation or use of a motor‑driven vehicle or motor‑driven
equipment;  and

(B) the employee would be personally liable to the
claimant according to Texas law;  and

(2) personal
injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. ' 101.021.  In a
suit against a governmental unit, the plaintiff must affirmatively demonstrate
the court=s jurisdiction by alleging a valid waiver of
immunity.  Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542
(Tex. 2003).  To determine if the plaintiff has met that burden, we consider
the facts alleged by the plaintiff and, to the extent it is relevant to the
jurisdictional issues, the evidence submitted by the parties.  Id. 
Whether a court has subject matter jurisdiction is a legal question, which we
review de novo.  State ex rel. State Dep=t of Highways
& Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).  A trial
court must grant a plea to the jurisdiction when the pleadings do not state a
cause of action upon which the trial court has jurisdiction.  Sykes, 136
S.W.3d at 639.

Discussion








In three issues, Galveston County contends that Nichols= pleadings do not
state a cause of action over which the trial court has jurisdiction.  In her
petition and in her response to the plea, Nichols asserted that this case falls
under the Tort Claims Act=s waiver of immunity because Galveston
County personnel misused a fax machine to transmit her personal, private
information to parties who were not supposed to receive such information,
citing Texas Family Code section 85.042.  Tex.
Fam. Code Ann. ' 85.042 (Vernon Supp. 2006).[1] 
In her petition, she alleged only that the use of the fax machine in this
manner was a misuse of tangible personal property under section 101.021(2).  In
her response to the plea, she alleges that her injuries resulted from use of
motor-driven equipment, i.e. the fax machine, under section 101.021(1). 
In order to dispose of this appeal, we need not determine whether a fax machine
constitutes motor-driven equipment under the Tort Claims Act.  Similarly, we
see no meaningful distinctions in this case regarding whether Nichols= claim falls under
section 101.021(1) or 101.021(2).  The following analysis applies whether
Nichols contends her injuries arose from the operation or use of motor‑driven
equipment or were caused by a condition or use of tangible personal property.  See
Whitley, 104 S.W.3d at 543 (stating that the causation requirement is the
same whether a claim is based on use of motor-driven equipment or use of
tangible property).

Before immunity can be found to have been waived in a case
involving the use of motor-driven equipment, a nexus must be established
between the use of the equipment and the plaintiff=s injuries.  Id. 
This nexus requires more than just that the equipment was in some way
involved.  Id.  Immunity is only waived if the use or misuse of
motor-driven equipment actually caused the injury.  Tex. Dep=t of Criminal
Justice v. Miller, 51 S.W.3d 583, 588 (Tex. 2001).  Stated conversely, the
equipment does not cause injury if it does no more than furnish a condition
which makes the injury possible.   Whitley, 104 S.W.3d at 543 (citing Dallas
County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339,
343 (Tex. 1998)).  The same principles apply in cases involving the use of
tangible property.  Bossley, 968 S.W.2d at 343.

Several courts have held that when a plaintiff claims harm
from the transmittal of information, no waiver of governmental immunity results
simply because government personnel used some type of equipment in transmitting
the information.  See, e.g., Axtell v. Univ. of Tex. at Austin, 69
S.W.3d 261, 266-67 (Tex. App.CAustin 2002, no pet.); City of San
Antonio v. Hernandez, 53 S.W.3d 404, 409-10 (Tex. App.CSan Antonio 2001,
pet. denied); City of Hidalgo Ambulance Serv. v. Lira, 17 S.W.3d 300,
304 (Tex. App.CCorpus Christi 2000, no pet.); Sawyer v. Tex. Dep=t of Criminal
Justice, 983 S.W.2d 310, 312 (Tex. App.CHouston [1st
Dist.] 1998, pet. denied).








The Axtell and Sawyer opinions are
particularly instructive here.  In Axtell, a college athlete sued the
University of Texas under the Tort Claims Act, claiming that his academic
records were improperly faxed to several radio stations, which then broadcast
the information.  69 S.W.3d at 264.  The court held that it was the fact that
the information was released that allegedly caused Axtell=s damages, not the
means or method by which the information was transmitted; thus, there was no
waiver of immunity.  Id. at 266.  The court further explained that the
fax machine simply facilitated the communication of information, and therefore
its use did not proximately cause Axtell=s damages.  Id. 
Axtell would have suffered the same injury had the information been transmitted
by other means:  by telephone, by mail, or by hand delivery.  Id.  In Sawyer,
an inmate of the Texas Department of Corrections alleged that he suffered
emotional distress when he received a computer printout listing an incorrect
date for his parole review.  983 S.W.2d at 311.  In determining that neither
use of the computer nor of the printout itself waived immunity under the Tort
Claims Act, the court explained that A[i]nformation . .
. remains information, whether it is transmitted by electronic equipment or by
word of mouth.  The medium used to communicate information does not alter its
intangible nature.@  Id. at 312.

Nichols argues that Axtell and Sawyer are
distinguishable from the present case because here the Galveston County
personnel=s actions violated section 85.042 of the Family Code.  Tex. Fam. Code Ann. ' 85.042 (providing guidelines for the delivery of protective
orders from court personnel to law enforcement officers and others).  Although reference to section 85.042 may
or may not explain why the transmittal of the protective order and related
affidavit was an impropriety on the part of Galveston County personnel, it
neither transforms the information into tangible property nor creates proximate
causation in the use of the fax machine where causation does not otherwise
exist.  See Sawyer, 983 S.W.2d at 312.








In summary, it was the alleged misuse of information that
caused Nichols= claimed damages, not misuse of the fax machine.  Had
the information been transmitted by other means (by mail, by email, by
telephone, in person, or even via automobile), she still would have been
damaged in the exact same way.  Accordingly, Nichols has failed to state a
cause of action falling under the Tort Claims Act=s waiver of
immunity.  The trial court erred in denying Galveston County=s plea to the
jurisdiction.  Galveston County=s three issues are sustained.

Lastly, we must determine whether to remand the case to
give Nichols an opportunity to replead.  See County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002); Kelso v. Gonzales Healthcare Sys., 136
S.W.3d 377, 383 (Tex. App.CCorpus Christi 2004, no pet.).  When a
plaintiff fails to plead facts that establish jurisdiction, but the petition
does not affirmatively demonstrate incurable defects in jurisdiction, the issue
is one of pleading sufficiency, and the plaintiff should be afforded the
opportunity to amend.  Brown, 80 S.W.3d at 555.  On the other hand, if
the pleadings affirmatively negate the existence of jurisdiction, then a plea
to the jurisdiction may be granted without allowing the plaintiff an
opportunity to amend.  Id.  In her petition, Nichols alleges damages
only from the transmittal of information.  No amendment of her pleadings could
convert this claim into an actionable cause against Galveston County. 
Accordingly, an opportunity to amend would be unavailing.

We reverse the trial court=s order denying
Galveston County=s plea to the jurisdiction and dismiss
Nichols= cause of action
for lack of subject matter jurisdiction.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed October 12, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.









[1]  Nichols acknowledges that section 85.042 itself,
which governs the delivery of protective orders from court personnel to law
enforcement officers and others, contains no waiver of immunity.  Tex.
Fam. Code Ann. ' 85.042.