Affirmed and Memorandum Opinion filed December 31, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00895-CV

___________________

 

LARRY WAYNE JEDKINS, Appellant

 

V.

 

MARIAMMA VARGHESE, R.N., CHUMA ANADUAKA,

WILLIETTE RAY, and DELOIS TARVER,
Appellees



 



 

On
Appeal from the 412th District Court

Brazoria County,
Texas



Trial Court Cause No. 48818

 



 

 

M E M O RA N D U M   O P I N I O N

            Appellant, Larry Wayne Jedkins, a prison inmate,
appeals pro se and as a pauper from an order dismissing his suit with
prejudice.  Appellant filed suit alleging prison employees and/or agents violated
his constitutional rights, engaged in a conspiracy, and committed assault and battery.
 Appellant challenges both the dismissal for failure to state a cause of action
and the dismissal of the cause with prejudice.  We affirm.

            Appellant
alleged appellee Varghese struck him in the face with a broom handle while he
lay on the floor of his cell covered by a sheet.  He asserted he requested
medical attention for a cut under his eye and blurred vision, but was refused.  He
asserted appellee Ray took photos of his injuries, but failed to arrange
medical treatment.  He further alleged appellee Tarver destroyed the photos,
and all appellees conspired to deny medical treatment and hide appellant’s
injuries.

In order to control
inmate litigation, the legislature enacted chapter fourteen of the civil
practice and remedies code.  See Tex. Civ. Prac. & Rem.Code Ann. §§
14.001—.014 (Vernon 2002).  Chapter fourteen applies when, as here, an inmate
files suit in a district court and files an unsworn declaration of indigency.  See
Tex. Civ. Prac. & Rem.Code Ann. § 14.002 (Vernon 2002). 

A court may dismiss an
inmate claim if it finds the claim to be frivolous or malicious. Tex. Civ.
Prac. & Rem.Code Ann. § 14.003(a)(2) (Vernon 2002).  A claim is frivolous
if it has no basis in law or fact.  See id. § 14.003(b)(2).  Trial
courts are given broad discretion in determining whether a case should be
dismissed because: (1) prisoners have a strong incentive to litigate; (2) the
government bears the cost of an in forma pauperis suit; (3) sanctions are not
effective; and (4) the dismissal of unmeritorious claims accrues to the benefit
of state officials, courts, and meritorious claimants.  Montana v. Patterson,
894 S.W.2d 812, 814-15 (Tex. App.—Tyler 1994, no writ).

When the trial court
dismisses a claim without a hearing, the issue on appeal is whether the claim
had no arguable basis in law.  Sawyer v. Tex. Dep’t of Crim. Justice,
983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).  Thus,
we review, de novo, the legal question of whether the trial court properly
concluded that appellant had no arguable basis in law for maintaining his suit.
Id. 

Chapter fourteen sets
forth procedural requirements an inmate must satisfy as a prerequisite to
filing suit.  Tex. Civ. Prac. & Rem.Code Ann. §§ 14.002, 14.004-.006 (Vernon
2002); see also Lilly v. Northrep, 100 S.W.3d 335, 336 (Tex. App.—San
Antonio 2002, pet. denied).  If an inmate fails to comply with these
requirements, his suit will be dismissed.  Bell v. Tex. Dep’t of Criminal
Justice-Inst. Div., 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.]
1998, pet. denied).

Section
14.004 of the Texas Civil Practice and Remedies Code provides that:

(a)
An inmate who files an affidavit or unsworn declaration of inability to pay
costs shall file a separate affidavit or declaration:

(1)
identifying each suit, other than a suit under the Family Code, previously
brought by the person and in which the person was not represented by an
attorney, without regard to whether the person was an inmate at the time the suit
was brought; and

(2)
describing each suit that was previously brought by:

(A)
stating the operative facts for which relief was sought;

(B)
listing the case name, cause number, and the court in which the suit was
brought;

(C)
identifying each party named in the suit; and

(D)
stating the result of the suit, including whether the suit was dismissed as
frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

(b)
If the affidavit or unsworn declaration filed under this section states that a
previous suit was dismissed as frivolous or malicious, the affidavit or unsworn
declaration must state the date of the final order affirming the dismissal.

(c)
The affidavit or unsworn declaration must be accompanied by the certified copy
of the trust account statement required by Section 14.006(f).

 

Tex. Civ.
Prac. & Rem.Code Ann. § 14.004 (Vernon 2002). 

Appellant filed an unsworn declaration stating he had filed no prior
civil suits.  He did not, however, include a certified copy of his trust
account statement.  Instead, he provided his own unsworn declaration and that
of another inmate stating that they had requested copies of their inmate trust
account statements, but Lt. Regis Rayme told them they were not needed because
the court had access to the information.

Chapter 14 does not
provide an inmate with the right to file a suit without the trust account statement,
no matter the reason that the inmate has not provided it.  Therefore, the trial
court acted within its discretion in dismissing the suit for failure to include
appellant’s inmate trust account statement.  See Mullins v.
Schumacher, No. 09-03-497-CV, 2004 WL 1299991 (Tex. App.—Beaumont 2004, no
pet.) (mem. op.) (finding no abuse of discretion in dismissing suit where
inmate had requested but had not received a trust account statement). 

In addition, an inmate’s
claim has no arguable basis in law if the inmate has failed to exhaust his
administrative remedies.  Leachman v. Dretke, 261 S.W.3d 297, 311 (Tex. App.—Fort
Worth 2008, no pet.).  TDCJ has, pursuant to statute, developed a system for
the resolution of inmate grievances.  See Tex.Gov’t Code Ann. § 501.008
(Vernon 1994). Inmate complaints about actions of TDCJ employees are subject to
the grievance procedure.  See Birdo v. Schwartzer, 883 S.W.2d 386, 388
(Tex. App.—Waco 1994, no writ).  Therefore, appellant was required to exhaust
his remedies through the grievance process before he could seek judicial
review.  See Tex. Civ. Prac. & Rem.Code Ann. § 14.005(a) (Vernon
2002); Tex. Gov't Code Ann. § 501.008(d) (Vernon 2004).  If he failed to
exhaust these remedies, then this was an appropriate ground upon which the
trial court could dismiss his claims under chapter fourteen.  See Tex.
Civ. Prac. & Rem.Code Ann. § 14.003(a); Retzlaff v. Tex. Dep’'t of
Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002,
pet. denied). 

When he filed suit, appellant
filed copies of both Step 1 and Step 2 Offender Grievances, with copies of the
written decision thereon.  Section 14.005(c) provdes that “[a] court shall
dismiss a claim if the inmate fails to file the claim before the 31st
day after the date the inmate receives the written decision from the grievance
system.”  Tex. Civ. Prac. & Rem.Code Ann. §
14.005(c) (Vernon 2002).  According to appellant’s unsworn declaration,
he received the May 22, 2008, decision on his Step 2 Grievance on June 10,
2008.  Appellant’s petition reflects a filing date of August 26, 2008, although
appellant’s mailing envelope is file-stamped July 25, 2008.  As both dates are
more than 31 days after the date appellant acknowledges he received the
decision on his grievance, the trial court acted within its discretion in
dismissing appellant’s suit on this basis.  If an inmate fails to file a claim
within thirty-one days of receiving a final decision from the grievance system,
the trial court must dismiss the suit.  See Wolf v. Texas Dep’t. of Criminal
Justice, Institutional Div., 182 S.W.3d 449, 450 (Tex. App.—Texarkana 2006,
pet. denied).  We overrule appellant’s first issue.

            In
his second issue, appellant asserts that the trial court improperly dismissed
his suit with prejudice to refilling it.  When we review a trial court’s
dismissal with prejudice under chapter fourteen, we consider whether the inmate
could remedy the error through a more specific pleading.  Williams v. Brown,
33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet).

A dismissal with prejudice constitutes an adjudication on the merits and
operates as if the case had been fully tried and decided.  Ritchey v.
Vasquez, 986 S.W.2d 611, 612 (Tex. 1999).  Thus, orders dismissing cases
with prejudice have full res judicata and collateral estoppel effect, barring
subsequent relitigation of the same causes of action or issues between the same
parties.  See Barr v. Resolution Trust Corp., 837 S.W.2d 627, 630-31
(Tex. 1992).  A dismissal with prejudice is improper if an inmate’s failure to
comply with the statute’s procedural requirements can be remedied.  Hickman
v. Adams, 35 S.W.3d 120, 124-25 (Tex. App.—Houston [14th Dist.] 2000, no
pet.). 

The failure to file a
lawsuit by the statutory deadline cannot be remedied by amended pleadings. McCullough
v. Texas Dep’t of Criminal Justice—ID, No. 02-07-072-CV, 2008 WL
704419 (Tex. App.—Fort Worth 2008, no pet,) (mem. op.). Dismissal with
prejudice is proper when a suit is not timely filed pursuant to section
14.005(b. Moreland v. Johnson, 95 S.W.3d 392, 395 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).  The trial court did not abuse its discretion is
dismissing appellant’s suit with prejudice.  We overrule appellant’s second
issue.

            The
judgment of the trial court is affirmed.

                                                                        PER
CURIAM

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.